IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) Case No. <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZVI KAUFMAN, ) <br> ) <br> Defendant. ) <br> _____) | |

**COMPLAINT**

The United States of America, by and through undersigned counsel, brings this suit to reduce to judgment civil penalties assessed against Zvi Kaufman for his non-willful failure to report his financial interest in a foreign bank account pursuant to 31 U.S.C. § 5314 and its implementing regulations, as well as interest and late payment penalties that have accrued on those penalties. The United States submits the following allegations in support of its Complaint.

**Jurisdiction and Venue**

1. A delegate of the Secretary of the Treasury of the United States referred this case to the Department of Justice in accordance with 31 U.S.C. § 3711(g)(4)(C). This action is brought at the direction of the Attorney General of the United States.

2. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of a civil penalty.

3. Zvi Kaufman is not a resident of the United States. Therefore, venue is proper in any judicial district under 28 U.S.C. § 1391(c)(3).

### Obligation to Report Interest in Foreign Accounts

4. Federal law requires every resident or citizen of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to report that relationship to the Department of the Treasury annually. 31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

5. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." 31 C.F.R. § 1010.350(a). At the time of the violations alleged in this complaint, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

6. Any person who fails to report his or her interest in a foreign account may be subject to a civil penalty assessed by the Department of the Treasury. For violations involving the non-willful failure to report the existence of a foreign account, the maximum civil penalty that may be imposed for each violation is $10,000. 31 U.S.C. § 5321(a)(5).

### Zvi Kaufman's Failure to Report Interest in Foreign Account

7. Kaufman is a naturalized U.S. citizen who resides in Israel.

8. Kaufman had a financial interest in and signature authority over multiple foreign accounts in 2008, 2009, and 2010. The aggregate high balances of these accounts were $2,369,806, $2,807,162, and $3,968,625 in 2008, 2009, and 2010, respectively.

9. Kaufman was required to file an FBAR for the 2008, 2009, and 2010 calendar years by June 30, 2009; June 30, 2010; and June 30, 2011, respectively.

10. For the 2008, 2009, and 2010 tax years, a tax preparer completed Kaufman's returns. In 2009, the preparer sent Kaufman a copy of his 2008 return along with a letter that cautioned in all capital letters:

> DON'T FORGET THAT THE US DEPARTMENT OF TREASURY FORM TD 90-22.1, REPORT OF FOREIGN BANK ACCOUNT AND FINANCIAL ACCOUNTS, SHOULD BE COMPLETED AND FILED IF REQUIRED. THIS FORM CAN BE DOWNLOADED AT IRS.GOV.

11. Despite this warning, Kaufman failed to timely file an FBAR for the 2008, 2009, and 2010 calendar years. He did not otherwise timely disclose his interest in the foreign accounts to the Department of the Treasury.

12. Kaufman's 2008 and 2009 tax returns falsely indicated "no" to the prompt asking whether he had any interest in or authority over a financial account in a foreign country. On his 2010 return, Kaufman reported that he had an interest in a financial account in Israel, but did not disclose any further information.

13. Kaufman's foreign accounts generated income. Kaufman did not timely report income from his foreign accounts on his 2008 or 2009 tax returns. Kaufman reported some, but not all, of his foreign investment income on his 2010 return. Kaufman reported interest and investment income from domestic sources on his 2008, 2009, and 2010 returns, indicating knowledge that this type of income was required to be reported.

**Claim for Relief**

14. On September 24, 2015, a delegate of the Secretary of the Treasury assessed $144,244.00 in civil penalties against Kaufman, pursuant to 31 U.S.C. § 5321(a)(5), for failing to report his interest in foreign accounts in calendar years 2008, 2009, and 2010. The penalty is comprised of $42,249 in penalties for 11 accounts Kaufman failed to report in 2008, $42,287 in penalties for

10 accounts that Kaufman failed to report in 2009, and $59,708 in penalties for 15 accounts that Kaufman failed to report in 2010.

15. Pursuant to 31 U.S.C. § 5321(a)(5)(B), the individual penalties imposed for each unreported account did not exceed $10,000.

16. The Service issued notice of the penalty assessments to Kaufman and demanded payment thereof.

17. Despite notice and demand for payment, Kaufman has failed to pay the civil penalties assessed against him.

18. As of August 29, 2017, Kaufman is liable to the United States for $163,746.57, which is comprised of the FBAR penalty, interest, and penalties for late payment under 31 U.S.C. § 3717(e)(2). Interest and other additional amounts continue to accrue as provided by law.

WHEREFORE, the United States of America requests that the Court:

A.  Enter judgment against the Zvi Kaufman and in favor of the United States in the amount of $163,746.57 as of August 29, 2017 for penalties assessed under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and associated fees, plus further interest and statutory additions thereon as allow by law from August 29, 2017 to the date of payment.

B.  Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

> Respectfully submitted,
>
> DAVID A. HUBBERT
> Acting Assistant Attorney General
>
> */s/ Kari A.R. Powell*
> KARI A.R. POWELL
> Trial Attorney, Tax Division

                                        U.S. Department of Justice  
                                        P.O. Box 14198  
                                        Washington, D.C.  20044  
                                        202-514-6068 (v)  
                                        202-514-4963 (f)  
                                        Kari.Powell@usdoj.gov