IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZVI KAUFMAN, )<br>)<br>Defendant. )<br>_____) | )<br>)<br>) Case No. 0:17-cv-61783-KMM<br>) |

## CONSENT MOTION TO TRANSFER VENUE

The United States of America and Zvi Kaufman, by and through undersigned counsel, jointly move to transfer this civil action under 28 U.S.C. § 1404(a) to the District of Connecticut. As detailed below, considerations of convenience favor transfer to a district where this suit might have been initiated originally.

### BACKGROUND

On September 12, 2017, the United States filed this suit to reduce to judgment civil penalties assessed against Defendant Zvi Kaufman for his non-willful failure to report his financial interest in a foreign bank. Doc. No. 1. Kaufman is a naturalized U.S. citizen who resides in Israel. Compl. ¶ 7. Because he is not a resident of the United States, venue would have been proper in any judicial district. 28 U.S.C. § 1391(c)(3); Compl. ¶ 3. The United States chose to file suit in the Southern District of Florida because Kaufman's attorney is based here. *See* Doc. No. 9, 10.

### ARGUMENT

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or

to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Courts engage in a two-pronged inquiry when assessing the merits of a motion to transfer venue. First, courts consider whether the case "might have been brought" in the district to which transfer is requested. Second, courts weigh factors relevant to whether transfer would be convenient to the parties and witnesses, and serve the interests of justice. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Both prongs are satisfied here.

    A.  The Present Action "Might have Been Brought" in the District of Connecticut.

The United States could have filed this suit in "any judicial district" because Kaufman is not a resident of the United States. 28 U.S.C. §1391(c)(3) ("For all venue purposes…a defendant not resident in the United States may be sued in any judicial district."). Accordingly, the present action "might have been brought in" the District of Connecticut and is qualified for transfer there now. 28 U.S.C § 1404(a).

    B.  Considerations of Convenience Favor Transfer.

Transfer is warranted because the District of Connecticut would be a more convenient forum for this dispute. Courts consider nine factors when deciding whether transfer of venue would serve the interests of convenience and justice:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel, 430 F.3d at 1135 n.1.

Here, the majority of these factors are neutral. The locus of operative facts is overseas. Both forums are familiar with the federal laws at issue. The parties are not currently aware of any

potential witnesses in either the Southern District of Florida or the District of Connecticut. Relevant documents can be easily transported to either district. *See Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F. Supp. 2d 1274, 1288 (S.D. Fla. 2012) (the location of documents or other evidence is not a weighty consideration given the ease with which they can be transmitted in this technological age). The Plaintiff United States' original choice of forum is not due considerable deference. Nor does the Southern District of Florida have an interest in trying this dispute. The United States chose this venue because Kaufman's attorney is located here, not because the Southern District of Florida has any connection to the litigation. *See Thermal Technologies Inc., v. Dade Serve Corp.*, 282 F.Supp.2d 1373, 1375 (S.D. Fl. 2003) (a plaintiff's chosen venue will receive less deference where it is not the plaintiff's home forum and has little or no connection to the litigation).

Only one factor — convenience to the parties — carries weight, and it favors transfer. Kaufman resides in Israel and has family in Connecticut. It would be more convenient to him to try this suit there. Importantly, the Plaintiff United States consents to transfer of venue to the District of Connecticut for Kaufman's convenience. *See Larew v. Larew*, No. 11 CIV. 5771 BSJ GWG, 2012 WL 87616, at *4 (S.D.N.Y. Jan. 10, 2012) (finding the lack of objection from any party outside of the proposed transfer venue "strongly favors transfer.").

WHEREFORE, for the reasons outlined above, the United States and Zvi Kaufman respectfully seek to transfer the present action to the District of Connecticut. This suit might have been brought there originally, and the balance of factors under Section 1404(a) weigh in favor of transfer.

Respectfully submitted,

*For Plaintiff:*   RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

                                        */s/ Kari A.R. Powell*
                                        KARI A.R. POWELL
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 14198
                                        Washington, D.C.  20044
                                        202-514-6068 (v)
                                        202-514-4963 (f)
                                        Kari.Powell@usdoj.gov

      *For Defendant:*      */s/ Jeffrey Neiman*
                                          JEFFREY NEIMAN
                                          Marcus Neiman & Rashbaum LLP
                                          100 SE Third Ave., Suite 805
                                          Fort Lauderdale, Florida 33394
                                          954-462-1200 (v)
                                          jneiman@mnrlawfirm.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 4th day of May 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                          */s/ Kari A.R. Powell*
                                          KARI A.R. POWELL
                                          Trial Attorney
                                          United States Department of Justice, Tax Division