IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:18-cv-787-KAD |
| ) | |
| v. ) | |
| ) | |
| ZVI KAUFMAN, ) | |
| ) | |
| Defendant. ) | |

**REPORT OF PARTIES' RULE 26(F) PLANNING MEETING**

**Date Complaint Filed/Removed:**   September 12, 2017; venue transferred to District of Connecticut on May 7, 2018

**Date Complaint Served:**   January 19, 2018 (waiver of service signed)

**Date of Defendant's
Appearance:**   June 6, 2018

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on August 13, 2018. The participants in the conference were:

*For Plaintiff United States of America*:

    BRADLEY A. SARNELL
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C. 20044
    202-307-1038 (v)
    202-514-5238 (f)
    Bradley.A.Sarnell@usdoj.gov

*For Defendant Zvi Kaufman*:

    JEFFREY M. SKLARZ
    Green & Sklarz, LLC
    700 State Street, Suite 100
    New Haven, CT 06511
    (203) 285-8545
    (203) 823-4546 (fax)

jsklarz@gs-lawfirm.com
JEFFREY A. NEIMAN
Marcus Nieman & Rashbaum LLP
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
(954) 462-1200
(954) 688-2492 (fax)
jneiman@mnrlawfirm.com

DERICK R. VOLLRATH
Marcus Neiman & Rashbaum LLP
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
(305) 400-4269
dvollrath@mnrlawfirm.com

Following the foregoing conference, the parties prepared this Rule 26(f) report for the court's consideration.

## I.  CERTIFICATION

Undersigned counsel certify that, after consultation with their clients and/or supervisory authorities, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients and/or supervisory authorities, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients and/or supervisory authorities.

## II.  JURISDICTION

A.  *Subject Matter Jurisdiction*.  This Court has subject matter jurisdiction over this lawsuit based on 28 U.S.C. §§ 1331, 1345, and 1355.

B.  *Personal Jurisdiction*:  Defendant does not contest personal jurisdiction.

## III.  BRIEF DESCRIPTION OF CASE

A.  *Claims of Plaintiff.*

Plaintiff submits that Zvi Kaufman, a naturalized U.S. citizen, had a financial interest in and signature authority over multiple foreign financial accounts in 2008, 2009, and 2010, and was thus required to file Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." Notwithstanding that he had that obligation, Zvi Kaufman failed to file an FBAR for 2008, 2009, and 2010, and is thus liable for civil penalties for those years, pursuant to 31 U.S.C. § 5321(a)(5), plus interest and late payment penalties, in the total amount of $163,746.57, plus interest and applicable penalties from and after August 29, 2017.

    B.    *Defenses of Defendant*.

Defendant Zvi Kaufman submits that any failure to timely file his FBARs for calendar years 2008, 2009, and 2010 was due to reasonable cause and therefore all penalties should be abated. Additionally, should the Court believe penalties should be applied, the penalties should be capped at $10,000 per year (not account), a cap the IRS has administratively since agreed to.

## IV. STATEMENT OF UNDISPUTED FACTS

The parties will amend this filing with a Statement of Undisputed Facts.

## V. CASE MANAGEMENT PLAN

    A.    *Initial Disclosures*. Initial disclosures will be served by October 1, 2018.

    B.    *Scheduling Conference with the Court*. Plaintiff requests a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.    *Early Settlement Conference*.

        1.    The undersigned have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties request an early settlement conference. The parties prefer that a settlement conference, when such conference is held, be with a magistrate judge.

        2.    The undersigned do not request a referral to alternative

dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

D. *Joinder of Parties and Amendment of Pleadings*.

1. Plaintiff: Plaintiff reserves the right to move the Court to amend its pleadings at any time before 30 days before the close of discovery.

2. Defendant: Defendant reserves the right to move the Court to amend its pleadings at any time before 30 days before the close of discovery.

E. *Discovery*.

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff avers that persons with knowledge of the case and information relevant to the case are in Israel, as are a substantial volume of the relevant documents, including records from more than ten foreign financial institutions. It is unclear at this time whether the documents can be obtained from Defendant or whether the documents will have to be requested directly from the financial institutions. The United States therefore needs a minimum of one year of fact discovery in the event that it needs to avail itself of the procedures for requesting documents directly from the foreign financial institutions.

b. The parties anticipate that discovery will be needed on the following subjects:

1. Defendant's failure to file the FBAR for tax years 2008, 2009, and 2010.

2. Reasonable cause for Defendant's failure to file the FBAR.

3. Whether the IRS violated the Administrative Procedures Act.

    c.    Plaintiff requests that all discovery, including depositions of expert witnesses, will be commenced on October 1, 2018 and will be completed by October 1, 2019.

    d.    Discovery will not be conducted in phases.

    e.    As discovery will not be conducted in phases, the parties have not provided a schedule for phased discovery.

    f.    Plaintiff will require at least of 3 depositions of fact witnesses and may require as many as 13 depositions of fact witnesses, depending on whether authentication of the foreign financial records can be stipulated to without need for a deposition. Defendant requires a total of 3 depositions of fact witnesses and does not consent to a greater number of depositions than the 10 ordinarily allowed under the Federal Rules of Civil Procedure. Plaintiff requests that depositions commence <u>immediately</u>, and be completed by <u>October 1, 2019</u>.

    g.    At this time, the parties do not request permission to serve more than twenty-five (25) interrogatories.

    h.    At this time, neither party intends to call expert witnesses, though both parties reserve the right to do so.

    i.    Plaintiff requests that parties will designate all trial experts and provide opposing counsel with reports from retained experts and other disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on any issue on which they bear the burden of proof by <u>July 1, 2019</u>. Depositions of any such experts will be completed by <u>July 1, 2019</u>.

    j.    Plaintiff requests that parties will designate all trial experts and provide opposing counsel with reports from retained experts and other disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on any issue on which they do not bear the burden of proof by <u>September 1, 2019</u>. Depositions of any such experts will be completed by <u>October 1, 2019</u>.

    k.    Plaintiff requests that damages analysis will be provided by any party who has a claim or counterclaim for damages by <u>October 1, 2019</u>.

    l.    Undersigned counsel have discussed the disclosure and

|   |   |   |
|---|---|---|
|   |   | preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:  The parties shall take all reasonable steps to ensure the preservation of electronically stored information; such information shall be considered encompassed within the parties' propounded discovery requests; the parties shall endeavor to produce electronically stored information in paper or PDF format. |
|   | m. | Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties agree to the following procedures for the preservation, disclosure and management of such information: The parties shall endeavor to produce this information in paper or PDF format. |
|   | m. | Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product information, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production: entering into a confidentiality agreement with a clawback provision. |

F.   *Other Scheduling Issues*

The parties have no other scheduling issues to bring to the Court's attention at this time.

G.   *Summary Judgment Motions*:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before December 30, 2019.

H.   *Joint Trial Memorandum*

A joint trial memorandum required by the Standing Order on Trial Memoranda in Civil

Cases will be filed by <u>March 1, 2019</u>, or sixty (60) days after the court has ruled on a dispositive motion submitted by one of the parties, whichever is later.

## VI. TRIAL READINESS

The case will be ready for trial one (1) month after the parties' submission of their joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

        THE PLAINTIFF

BY:   /s/*Bradley A. Sarnell*
        BRADLEY A. SARNELL
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C. 20044
        202-307-1038 (v)
        202-514-5238 (f)
        Bradley.A.Sarnell@usdoj.gov

        THE DEFENDANT

BY:   */s/Jeffrey M. Sklarz (with consent)*
        JEFFREY M. SKLARZ
        Green & Sklarz, LLC
        700 State Street, Suite 100
        New Haven, CT 06511
        (203) 285-8545
        (203) 823-4546 (fax)
        jsklarz@gs-lawfirm.com

        */s/Jeffrey A. Neiman (with consent)*
        JEFFREY A. NEIMAN
        Marcus Nieman & Rashbaum LLP
        100 Southeast Third Avenue, Suite 805
        Ft. Lauderdale, Florida 33394
        (954) 462-1200
        (954) 688-2492 (fax)
        jneiman@mnrlawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 19th day of September, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF filers.  There are no parties which require conventional service.

      */s/ Bradley A. Sarnell*
      BRADLEY A. SARNELL
      Trial Attorney
      United States Department of Justice, Tax Division