UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:18-cv-787-JBA |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ZVI KAUFMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO EXTEND DEADLINE TO RESPOND TO
GOVERNMENT'S DISCOVERY REQUESTS UNTIL AFTER EARLY
COURT-SUPERVISED SETTLEMENT CONFERENCE**

Defendant Zvi Kaufman moves under Federal Rule of Civil Procedure 6 for an extension of time to respond to the Government's pending discovery requests, specifically: (1) Plaintiff United States' Interrogatories to Defendant Zvi Kaufman; and (2) Plaintiff United States' Request for Production to Defendant Zvi Kaufman. Kaufman is hopeful that the parties will be able to resolve this matter at an early court-hosted settlement conference between the parties and requests that his deadline to respond to the Government's Discovery Requests be stayed until two weeks after this conference. Kaufman's responses to these discovery requests are presently due on January 16, 2019. Kaufman has not previously moved for an extension of his time to respond to these requests, but has obtained one previous extension from the Government.

**GOOD CAUSE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the Court may extend any deadline for good cause. Further, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Doe v. Hotchkiss School*, Case No. 3:15-cv-00160 (VAB), 2018 WL 6272756, at *5 (D. Conn. Nov. 30, 2018)

{00100441.1 }                                                   1

(citing *Dietz v. Bouldin*, 136 S. Ct. 1885, 1983 (2016)).  Federal Rule of Civil Procedure 1 directs that the civil rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Here, good cause exists for the following reasons:

1. The parties have agreed to an early settlement conference, and the Court has granted that request. In the world of federal litigation, this is not a high-dollar case. The Government seeks judgment of $163,746.57, plus some interest. Allowing Kaufman not to incur the expense of discovery pending this early settlement conference will facilitate settlement by reducing sunk costs and accordingly increasing the prospective costs to the parties of failing to settle. If the case settles at this conference, the relief requested in this motion will vindicate Rule 1's goal of the inexpensive determination of the action.

2. This case follows administrative proceedings by the IRS. Plaintiff has accordingly already gathered the information upon which it has based the assessment at issue in this case. The Government's Request for Production of Documents reflects this reality, requesting documents that are already in its possession. For example, the Government requests "all documents and communications submitted to the IRS in connection with the penalties at issue," as well as the documents "listed in Part 2 of Zvi Kaufman's initial disclosures," which include only "[d]ocuments contained within the IRS's administrative file compiled by the IRS as part of its determination to assess FBAR penalties against Zvi Kaufman." The requested discovery accordingly will not impact any settlement conference. To the extent that the Government's interrogatories request detail on Defendant's legal positions, that information will be provided in the analysis-rich demands required by the Court's settlement conference order.

3.     Discovery in this case closes on October 1, 2019. Given the nature of this case, the parties will have more than enough time to engage in discovery even after any early settlement conference.

## CONFERRAL

On January 9, 2019, Kaufman's counsel sent Plaintiff's counsel an email requesting its position on the Motion, as Kaufman felt such an effort was required by the rules notwithstanding the ongoing partial government shutdown. In a return email dated January 10, Plaintiff's counsel indicated that it opposed this instant Motion.

## CONCLUSION

For the foregoing reasons, Defendant Kaufman requests that this Court extend his time to respond to the Government's Request for Production of Documents and Interrogatories until after the early settlement conference between the parties. In the interest of avoiding a "floating" deadline and in light of the Court's indication that it may be possible to schedule the settlement conference for late March, Defendant Kaufman requests an extension to and include **April 15, 2019**. If the Court does not agree to the relief requested herein, Kaufman alternatively requests an extension to **February 11, 2019**, to allow him to prepare his responses to the Requests.

Date: January 14, 2019                                    Respectfully Submitted,

/s/  Jeffrey  A.  Neiman_____
Jeffrey M. Sklarz (ct20938)
Green & Sklarz, LLC
700 State Street, Suite 100
New Haven, Connecticut 06511
(203) 285-8545
jsklarz@gs-lawfirm.com

Jeffrey A. Neiman (admitted *pro hac vice*)
Marcus Neiman & Rashbaum LLP
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
(954) 462-1200
jneiman@mnrlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Date:   January 14, 2019                                     /s/ Jeffrey A. Neiman