IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:18-cv-787-KAD |
| ) | |
| v. ) | |
| ) | |
| ZVI KAUFMAN, ) | |
| ) | |
| Defendant. ) | |

**Plaintiff United States of America's Motion to Reschedule Settlement Conference or, in the Alternative, to Require Defendant to Respond to Discovery Requests**

Plaintiff United States of America, pursuant to the provisions of Court's January 16, 2019 Amended Settlement Conference Order, moves to reschedule the settlement conference currently scheduled for March 27, 2019, at 1:00 p.m., until such time as Defendant has responded to the United States' pending discovery requests, or to require Defendants to respond to the United States' discovery requests by March 5, 2019, which would allow the United States to take the responses into consideration when making its settlement demand. Defendant Zvi Kaufman does not consent to the United States' requested relief.

On November 8, 2018, the District Judge referred this case to the Magistrate Judge for settlement. (Doc. 34). On November 16, 2018, the United States issued requests for production of documents and interrogatories to Defendant Zvi Kaufman. On November 20, 2018, the Court issued a Settlement Conference Order, which scheduled a settlement conference for February 7, 2019. (Doc. 40). On December 13, 2018, the undersigned consented to an extension of 30 days for Defendant to respond to the discovery requests. At the end of the day on December 21, 2018, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. Due to the lapse in appropriations, and the attendant prohibition on work by federal employees under 31 U.S.C. § 1342, the United States filed a

1

motion to stay the settlement conference and all related dates, which was granted the same day. (Doc. 41, 42).

On January 14, 2019, Defendant moved for an extension of time to respond to the United States' discovery until after the settlement conference, noting that the United States did not consent to such relief. (Doc. 44). The same day, the Court granted the motion in part, requiring Defendant to file any objections by January 16, 2019, and extending the time for Defendant to respond to the discovery requests to April 15, 2019. (Doc. 46). The lapse in appropriations ended on January 25, 2019, and the undersigned returned to work on January 28, 2019. (Doc. 50).

The Tax Division is authorized to settle cases on only two grounds relevant here: litigation hazard and collectability. Litigation hazard settlements are considered as a percentage: if the United States believes that it has a 50 percent litigation hazard in the case, it can settle the case for 50 percent of the debt. Collectability settlements are based on the taxpayer's assets and their ability to pay the debt.

At this juncture, the United States is not in a position where it can settle this case on either of the permissible grounds. With regard to collectability, the United States has not received any information regarding Defendant's ability to pay the FBAR penalties assessed against him, and thus the United States cannot settle on that ground. With regard to litigation hazard, the United States sent out discovery requests so that responses would be received prior to the settlement conference as a way of determining its litigation hazard for settlement purposes. Without such information, the United States cannot sufficiently determine its litigation hazard and, as such, cannot settle on that ground.

It would be insufficient for the United States to, as Defendant suggested in his motion for an extension, be required to rely on their submission as part of the Court's settlement conference procedure.  The settlement conference order requires only that the parties exchange a "formal, written, settlement offer" which does not require anything more than a number.  Even if Defendant chose to explain the reasoning behind his offer, what information would be provided would be argument, rather than the targeted responses required by discovery requests.  In addition, Defendant would not be required to provide any documents to support statements made in the settlement demand, as he would have to do in responding to the United States discovery requests.

WHEREFORE, Plaintiff United States of America requests that the Court reschedule the settlement conference until after such time as Defendant has responded to the United States' discovery requests.  In the alternative, the United States requests that the Court amend its January 14, 2019 Order and require the Defendant to answer the United States' discovery requests on or before March 5, 2019.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of February, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF filers.  There are no parties which require conventional service.

                                            */s/ Bradley A. Sarnell*
                                            BRADLEY A. SARNELL
                                            Trial Attorney
                                            United States Department of Justice, Tax Division