UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZVI KAUFMAN, )<br>)<br>Defendant. )<br>) | Case No. 3:18-cv-787-JBA |

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION
TO RECONSIDER SETTLEMENT CONFERENCE AND DISCOVERY DATES**

Defendant Kaufman files this Response in opposition to the Government's Motion to Reschedule Settlement Conference or, in the Alternative, to Require Defendant to Respond to Discovery Requests [ECF No. 51]. A month and a half after their entry, Plaintiff asks the Court to reconsider its Orders granting Defendant's Motion for Extension of Time to Respond to Government's Discovery Requests Until After Early Court-Supervised Settlement Conference [ECF No. 46] and Order Setting Settlement Conference [ECF No. 47].

The Court should deny these Motions because they are untimely and otherwise fail to comply with the Court's Local Rules. More importantly, an early Settlement Conference will facilitate the efficient resolution of this case and the Court's current schedule should be maintained for that reason.

**PLAINTIFF'S MOTION IS NOT TIMELY UNDER LOCAL RULE 7(b)**

As a preliminary matter, Plaintiff's Motion should be denied for failure to comply with the time limitations set forth in this Court's Local Rule 7(b). Plaintiff's Motion asks the Court to reconsider its decision to grant in part Defendant's Motion for Enlargement of Time to Respond to Discovery Requests, which permitted Defendant until April 15, 2019 to produce responsive

documents.[1] Local Rule 7(b)(2) requires any party moving to set aside such an order to do so "within seven (7) days of an order granting a motion for extension of time."

Here, the Court granted Defendant's Motion for Enlargement of Time on January 14. [ECF No. 46 & 47.] Plaintiff's time to move to set aside this Order accordingly expired on January 21.

## **PLAINTIFF'S MOTION DOES NOT COMPLY WITH LOCAL RULE 7(c)**

Further, Plaintiff's Motion asks this Court to reconsider its prior Orders permitting Defendant until April 15, 2019, to provide responsive documents to the Government's discovery requests [ECF No. 46] and its Order setting a settlement conference for March 27, 2019 [ECF No. 47]. Notably, Defendant's Motion was explicitly premised on a desire to allow the Settlement Conference to proceed before he would be required to incur the expense of producing documents in response to the Government's discovery requests. The Court granted this Motion. But now the Government seeks to undo this relief in its current Motion.

Accordingly, the Government's Motion is in the nature of a Motion for Reconsideration. It must therefore comply with Local Rule 7(c). Local Rule 7(c) states that any Motion for Reconsideration must "be filed and served within (7) days of the filing of the decision or order from which such relief is sought." Further, "[s]uch motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial order."

Here, Plaintiff's time to file a motion to reconsider expired on January 21, 2019. Additionally, it fails to set forth controlling decisions or data that the Court overlooked in its initial order.

---

[1] The Order required Defendant to serve his legal objections to Plaintiff's discovery requests on January 16, 2019. Defendant complied with this order and timely served his objections.

## **PLAINTIFF'S MOTION FAILS ON SUBSTANCE**

Regardless of Plaintiff's failure to follow the Local Rules with respect to its Motion, the Court should deny the Motion on substance. This is so for two reasons. First, the Settlement Conference will save the parties' resources by allowing them to informally present their case to each other in a privileged environment without incurring the substantial costs of engaging in discovery. Second, because this case is based upon an IRS assessment and follows an IRS administrative investigation, the facts are known to both parties and discovery will accordingly not significantly advance a determination of the issues at a later settlement conference.

**I.     The Settlement Conference, if conducted in good faith, will allow Plaintiff to obtain the information it purports to need for such a conference to be effective.**

Much of Plaintiff's motion appears premised on a misunderstanding of what good-faith participation in a Settlement Conference can accomplish. Notably, Plaintiff's Motion suggests that the parties will exchange no more information than their settlement figures, stating that "[t]he settlement conference order requires only that the parties exchange a 'formal, written, settlement offer' which does not require anything more than a number." [ECF No. 51 at 3.]

But this is not so. The Order requires a demand "accompanied by the plaintiff's analysis of damages." [ECF No.49 at 3.] This analysis "should contain a computation of each category of damages claimed" and "the underlying methodology 'on which each computation is based, including [information] bearing on the nature and extent of the injuries suffered." [*Id.*] A Defendant is required to respond to this analysis as well as make a formal settlement offer. [*Id.*]

Moreover, the parties are required to submit an *ex parte* statement to the Court that includes a description of disputed issues and evidence expected to be offered at trial, as well as an

assessment of the strength and weakness of each party's claims and defenses. [*Id.*] This statement "may be accompanied by exhibits (i.e., depositions, damages analysis, photographs, expert reports, medical records), within reason." [*Id.*] During the settlement conference or before, the parties can share as much of this analysis and forecasted evidence as they wish.[2] Because the environment is privileged, openness and candor appear encouraged. [*See id.* at 5.]

Accordingly, an early conference provides the parties with a valuable opportunity to forecast their evidence and their positions to one another, with the possibility that the judicial officer overseeing the settlement conference may weigh-in where he or she considers appropriate. It would be a productive exercise that Defendant hopes will resolve this case.

## II. Plaintiff's discovery requests are redundant and will not advance settlement in any event.

As set forth in Defendant's Motion for Enlargement of Time to Respond to Discovery Requests, "[a]llowing Kaufman not to incur the expense of discovery pending [an] early settlement conference will facilitate settlement by reducing sunk costs and accordingly increasing the prospective costs to the parties of failing to settle." [ECF No.44 at 2.]

Regardless, it is doubtful that any production Kaufman makes in response to the Government's pending discovery requests will advance Plaintiff's understanding of the facts of this litigation. As observed in Kaufman's initial Motion "This case follows administrative proceedings by the IRS [and] Plaintiff has accordingly already gathered the information upon which it has based the assessment at issue in this case." This reality is reflected in Plaintiff's discovery requests, which ask Kaufman to, for example, produce for a second time "all documents

---

[2] To this end, Plaintiff's objection that "[e]ven if Defendant chose to explain the reasoning behind his offer, what information would be provided would be argument" [DE 51 at 4] is incorrect. We can provide as much factual support for our positions as we would like, and where proffer is required for whatever reasons, Plaintiff could condition any settlement upon confirmation of that proffer.

and communications submitted to the IRS in connection with the penalties at issue." Defendant, by definition, has already provided these documents to Plaintiff as part of the IRS's administrative investigation. Further, although Plaintiff protests that it requires a financial statement from Defendant before it may engage in settlement discussions, Defendant's discovery requests do not ask for a financial statement. Indeed, the Federal Rules ordinarily do not permit such discovery prejudgment.

In any event, Defendant believes that the Government's concerns over additional information it may require may be resolved through the good-faith exchange of information at the scheduled Settlement Conference. Defendant believes that to be one of the purposes of such a conference.

## **CONCLUSION**

For the foregoing reasons, Defendant Kaufman requests that this Court deny Plaintiff's Motion to Reschedule Settlement Conference or, in the Alternative, to Require Defendant to Respond to Discovery Requests, and maintain the Court's current deadlines.

Date: February 26, 2019               Respectfully Submitted,

/s/  Jeffrey M. Sklarz  
Jeffrey M. Sklarz (ct20938)  
Green & Sklarz, LLC  
700 State Street, Suite 100  
New Haven, Connecticut 06511  
(203) 285-8545  
jsklarz@gs-lawfirm.com

Jeffrey A. Neiman (admitted *pro hac vice*)  
Marcus Neiman & Rashbaum LLP  
100 Southeast Third Avenue, Suite 805  
Ft. Lauderdale, Florida 33394  
(954) 462-1200  
jneiman@mnrlawfirm.com

{00106029.1 }                                      5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Date:   February 26, 2019                          /s/ Jeffrey M. Sklarz