UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZVI KAUFMAN, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:18-cv-787-KAD |

**UNOPPOSED MOTION TO EXCUSE OVERSEAS DEFENDANT FROM PHYSICAL APPEARANCE AT COURT-SUPERVISED SETTLEMENT CONFERENCE**

Pursuant to the Court's Amended Settlement Conference Order [DE 49], Defendant Zvi Kaufman hereby files this Motion to excuse his personal appearance at the Settlement Conference now set for March 27, 2019, at 1:00 p.m before United States Magistrate Judge Sarah A. L. Merriam. Defendant resides in Israel, is elderly, has mobility issues due to childhood polio, and otherwise in poor health. He has hired U.S. Counsel to assist him in this matter and asks to be permitted to appear at the Settlement Conference via telephone or video conference. The United States does not oppose this Motion. In support of this request, Defendant states as follows:

1.  The Government has sued Defendant to collect penalties for Defendant's inadvertent (that is, non-willful) failure to file a form TD F 90-22.1 "Report of Foreign Bank and Financial Accounts," more commonly known as an "FBAR" form.

2.  Defendant is a naturalized United States citizen who has lived in Israel since 1979. Unsurprisingly, he has had multiple non-U.S. bank accounts. The Government contends that he owes penalties for failing to disclose these bank accounts to the Government on an FBAR form for tax years 2008, 2009, and 2010.

3. Based upon this conduct, the Government seeks a judgment of $163,746.57 against Defendant.

4. Defendant contends that he does not owe this amount because he believes that his failure to file the FBAR Forms resulted from reasonable cause (e.g., he hired a qualified accountant to prepare his tax filings for the years in question), and that the IRS has disregarded certain of its own policies and procedures in assessing these penalties. Notably, it is current IRS policy to ordinarily assess penalties of only $10,000 *per year* for a taxpayer's non-willful failure to file FBAR forms, which would result in a total penalty of only $30,000. Defendant, however, has been assessed penalties of $10,000 *per account, per year*.

5. In its Settlement Conference Order [DE 40], this Court directed that "Availability of a party by telephone is not permitted without express prior authorization of the Court. Authorization must be sought, in the form of a motion, on or before March 12, 2019, and must set forth (1) good cause for the request, and (2) all other parties' positions with regard to the request."

6. Good cause for permitting Defendant to appear at the March 27, 2019 settlement conference by either video or telephone conference exists for the following reasons:

    a. Defendant Kaufman resides in the village of Carme Yosef, Israel.

    b. Defendant Kaufman is 68 years old.

    c. Defendant Kaufman is in ill health. He has mobility issues due to a childhood case of polio; he suffered a severe heart attack in early 2010; and he suffered a serious head injury as the result of an auto accident in 2011.

    d. Traveling to a settlement conference in New Haven, Connecticut, represents a significant hardship for Defendant Kaufman, above and beyond that for a typical domestic litigant.

   e. Defendant Kaufman will be available by telephone or video conference during the mediation.

   f. Defendant's counsel will physically attend the settlement conference.

   g. Permitting Defendant Kaufman to participate in the settlement conference via telephone or video conference with vindicate Federal Rule of Civil Procedure 1's instruction that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

  8. Plaintiff does not oppose this Motion.

WHEREFORE, Defendant Zvi Kaufman respectfully requests this Court to excuse his physical attendance at the settlement conference presently set for March 27, 2019, and to instead permit him to appear by telephone or video conference.

Date: March 8, 2019        Respectfully Submitted,

               /s/ Jeffrey M. Sklarz
               Jeffrey M. Sklarz (ct20938)
               Green & Sklarz, LLC
               700 State Street, Suite 100
               New Haven, CT 06511
               (203) 285-8545
               Fax: (203) 823-4546
               jsklarz@gs-lawfirm.com

               Jeffrey A. Neiman (admitted *pro hac vice*)
               Marcus Neiman & Rashbaum LLP
               100 Southeast Third Avenue, Suite 805
               Ft. Lauderdale, Florida 33394
               (954) 462-1200
               jneiman@mnrlawfirm.com

**CERTIFICATE OF CONFERRAL**

Before filing this motion, counsel or Defendant conferred with counsel for the Government and the Government does not oppose the relief requested in this Motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Date:   March 8, 2019                                /s/ Jeffrey M. Sklarz