IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:18-cv-787-KAD |
| ) | |
| v. ) | |
| ) | |
| ZVI KAUFMAN, ) | |
| ) | |
| Defendant. ) | |

**Plaintiff United States' Motion to Have Official with Full Settlement Authority Excused from Attendance at Settlement Conference**

The United States of America respectfully requests relief from the requirement set forth in this Court's January 16, 2019 Amended Settlement Conference Order, which states that, "a representative of the party " must appear at the Settlement Conference currently scheduled for March 27, 2019, at 1:00 p.m. (Doc. 10). The United States moves to allow its representative with full settlement authority in the above-captioned proceeding—David Katinsky, Chief of the U.S. Department of Justice Tax Division's Civil Trial Section, Northern Region—to be available by telephone for the Settlement Conference. Trial counsel for the United States will attend the Settlement Conference in person, and this motion requests only that Mr. Katinsky be permitted to participate telephonically, as necessary, from Washington, D.C., in consideration of, among other factors discussed in the memorandum accompanying this motion, the volume of cases, located in twenty states, under the Section Chief's supervision. Counsel for Defendant Zvi Kaufman consents to the United States' requested relief.

**ARGUMENT**

**I.    Due To The Unique Position Of The Department Of Justice, The Attendance Of A Person With Full Settlement Authority Should Not Be Required At the Settlement Conference**

1

Settlement authority in tax cases (including this case) rests with the Attorney General of the United States or his delegate.  26 U.S.C. § 7122.  Department of Justice regulations delegate settlement authority for cases arising under the internal revenue laws to a limited number of senior officials located in Washington, D.C.  *See generally* Tax Division Directive No. 139, 76 Fed. Reg. No. 15212-02 (March 21, 2011), 2011 WL 938673.  The regulations are designed to promote uniformity in settlements across the country, consistent and immediate application of policy, and accountability of the officials acting upon settlements.

The level to which authority is delegated depends on the magnitude of the government's potential concession in the proposed settlement.  For settlements in which the government's concession does not exceed $500,000 (not counting interest), authority is delegated to the Chief of the Trial Section, subject to certain exceptions that do not pertain here.  In this case, Mr. Katinsky has authority because the recovery the United States seeks in this case, as set forth in the Complaint, does not exceed $500,000, though he does have the authority to delegate settlement authority for certain cases.

Of necessity, the persons to whom settlement authority is delegated are required to perform other substantial legal and administrative duties in addition to authorizing settlements.  Given his substantial responsibilities, Mr. Katinsky cannot, as a practical matter, routinely appear in person at mediations and settlement conferences in many states.  The Section Chief for the Northern Region is responsible for supervising over two dozen trial attorneys directly responsible for litigating nearly 1,300 separate state and federal court actions, with duties including assisting in formulating litigation strategy and overseeing the review of all court filings.  The Chief's responsibilities extend well beyond being the chief lawyer to managing the day-to-day operation of a lawyers' office consisting of about forty people.

In accordance with the regulations promulgated by the Attorney General, the Tax Division has adopted procedures to make conferences where settlement may be at issue as productive as possible while enabling Section Chiefs and other supervisory officials to perform the necessary functions that their positions require.  In this regard, the trial attorney with primary responsibility for a case generally attends settlement conferences or ADR proceedings in person and the supervisory official with settlement authority is generally available telephonically to act upon any settlement, if necessary.

This practice is consistent with the Judicial Improvements Act of 1990.  Although that legislation authorizes the district courts to adopt "civil justice expense and delay reductions plans," which may include a requirement that "representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference," the Act goes on to provide that "[n]othing in [such] plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General."  28 U.S.C. §§ 473(b)(5) and 473(c).  In enacting this legislation, Congress was aware that the Government is not in the same situation as private parties with respect to settlement authority.  In this regard, the Senate Report states that:

> Those district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice.  The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington.  *Clearly, the Department cannot realistically send officials with full settlement authority to each settlement conference.*

3

S. Rep. No. 101-416, at 58 (1990), *as reprinted in* 1990 U.S.C.C.A.N. 6802, 6848 (emphasis added).[2]

In accordance with the views expressed by the Senate Judiciary Committee and the Advisory Committee, a number of federal courts have recognized that the required attendance of government officials with full settlement authority at court conferences where settlement may be at issue puts a significant burden on the government and, in most circumstances, is unnecessary to achieve the objectives of those conferences. *See United States v. U.S. Dist. Court for Northern Marianas Islands*, 694 F.3d 1051, 1061 (9th Cir. 2012); *In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993) ("[A] district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order.").[3]

II.   **As a Practical Matter, Allowing the Chief of the Office of Review to be Available by Telephone Will Not Adversely Affect the Settlement Conference**

Leaving aside the administrative burden on the government, the United States' position is that the settlement conference will not be adversely affected by having Mr. Katinsky available

---

[2] This practice is also consistent with the Advisory Committee Notes relating to the 1993 Amendments to the Federal Rules of Civil Procedure, which recognize that when the United States is involved in litigation, "there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16, Advisory Committee Notes to 1993 Amendments. In federal tax cases, the person with the "major role" is generally the trial attorney.

[3] *See also In re United States of America*, Slip op. 01-3506 (6th Cir. May 17, 2001) (stating that only "a government official with sufficient authority to productively pursue settlement is required to be available either in person or by telephone" during the conference); *In re United States of America,* Slip op. 07-40629 (5th Cir. July 19, 2007) (finding that district court abused its discretion in ordering government official with full settlement authority to attend mediation or delegate his authority to person actually attending mediation absent showing that "extraordinary circumstances were present and . . . that less drastic alternatives were considered and rejected"). Copies of these authorities are attached as Exhibit A to this motion.

4

by telephone rather than at the settlement conference in person. Trial Attorney Bradley A. Sarnell, one of the attorneys for the government most familiar with this case, will be at the settlement conference in person. Pursuant to 28 U.S.C. §§ 515 through 519, trial attorneys are authorized to represent the United States, and may negotiate and recommend settlement offers to an official having settlement authority. In exercising their settlement authority, Department of Justice officials generally accord substantial weight to the trial attorneys' recommendations. Although Mr. Sarnell does not have settlement authority, he is the one who will make the settlement recommendation to Mr. Katinsky. Prior to the settlement conference, Mr. Sarnell will discuss with Mr. Katinsky the issues most pertinent to any settlement in this case. Because Mr. Sarnell will be present to apprise the Court of the factual and legal issues in this case and the United States' position with respect to settlement, and because the Section Chief will be available telephonically should any settlement proposal need to be acted on, we believe that Mr. Katinsky's telephonic availability will not hinder the ability of the attorneys or the Court to effect an acceptable settlement proposal.

Our experience in other cases supports this position. Section Chiefs have participated in many settlement conferences, pretrial conferences, and ADR proceedings by telephone, and in many instances, those telephonic conferences resulted in settlements. Accordingly, we believe that any settlement discussions at the settlement conference can be productive, with Mr. Sarnell attending the settlement conference in person and Mr. Katinsky being available telephonically.

## CONCLUSION

For the foregoing reasons, the United States moves for the entry of an order allowing David Katinsky, the Chief of the U.S. Department of Justice's Tax Division's Civil Trial Section, Northern Region, who has full settlement authority for the United States in this case, to be

available by telephone for the settlement conference currently scheduled for March 27, 2019, at 1:00 p.m.

          Respectfully submitted,

          RICHARD E. ZUCKERMAN
          Principal Deputy Assistant Attorney General
          U.S. Department of Justice, Tax Division

          */s/ Bradley A. Sarnell*
          BRADLEY A. SARNELL
          Trial Attorney, Tax Division
          U.S. Department of Justice
          P.O. Box 55
          Washington, D.C.  20044
          202-307-1038 (v)
          202-514-5238 (f)
          Bradley.A.Sarnell@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of August, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF filers.

                                    */s/ Bradley A. Sarnell*
                                    BRADLEY A. SARNELL
                                    Trial Attorney
                                    United States Department of Justice, Tax Division