IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ZVI KAUFMAN,<br><br>      Defendant. | )<br>)<br>)  Case No. 3:18-cv-787-KAD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff United States of America hereby provides the following memorandum of law in support of its motion for summary judgment.

### Introduction

Each year, United States citizens who hold a financial account in a foreign country are required to report the account to the Treasury Department. *See* 31 U.S.C. § 5314; 31 C.F.R. § 103.24 (2009); 31 C.F.R. § 1010.350 (2011).[1] It is not illegal to hold a foreign account, but failing to report it can lead to a civil penalty. The form on which the report is made is the Report of Foreign Bank and Financial Account, often referred to as an "FBAR," and the civil penalty for failing to file it is known as an "FBAR penalty." Unless the failure to report the account is willful, the amount of the penalty is capped at $10,000 per account per year.

In 2008 through 2010, Defendant Zvi Kaufman held financial accounts in Israel. However, he did not file any FBARs until 2012. The IRS assessed civil FBAR penalties against him for each account he failed to timely report for each of those three years (2008, 2009, and 2010).

---

[1] For the years at issue, the report was to be filed by June 30 of the following year.

**Argument**

a.  **Statutory and Regulatory Framework for the FBAR Penalty.**

United States citizens are required to keep records, file reports, or both, when the citizen "maintains a relation . . . with a foreign financial agency." 31 U.S.C. § 5314(a). To implement this statutory mandate, the Secretary of the Treasury ("Secretary") has published regulations requiring any United States citizen "having a financial interest in, or signature or other authority over, a bank, securities or other financial account in a foreign country" to report annually certain details about the account to the Treasury Department. 31 C.F.R. § 103.24 (2009); 31 C.F.R. § 1010.350 (2011). The report must be made each year by filing a form with the Treasury Department, which for the 2008 through 2010 reporting years was due no later than June 30 of the following year. *See* 31 C.F.R. § 103.27(c), (d), (e) (2009); 31 C.F.R. § 1010.306(c) (2011).[2]

To enforce the reporting requirements, the Secretary is authorized to impose a civil FBAR penalty on any person who does not comply with the requirement to report a foreign account. *See* 31 U.S.C. § 5321(a)(5)(A). The Secretary has delegated assessment authority to the IRS. *See* 31 C.F.R. § 103.56(g) (2009); *also* 31 C.F.R. § 1010.810(g) (2011). Except where the violation is willful, the amount of the penalty is capped at $10,000 per account per

---

[2] The FBAR reporting statutes and regulations arise from the Currency and Foreign Transactions Reporting Act, also known as the Bank Secrecy Act ("BSA"), which was enacted to ensure that citizens meet the requirement to pay taxes on income earned abroad and "to detect and prosecute criminal activity." *See* Pub. L. 91-508, 84 Stat. 1114 (1970) (31 U.S.C. §§ 5311 et seq.); also H.R. Rep. No. 91-975 (1970), reprinted in 1970 U.S.C.C.A.N. 4394, 4395, 4397 (stating that the BSA was enacted to deal with major issues in law enforcement, one of which was the use of secret foreign bank accounts to evade taxes); *United States v. Simonelli*, 614 F.Supp.2d 241, 241 (D. Conn. 2008) (quoting 31 U.S.C. § 5311). Note that United States citizens are subject to taxes on their income, regardless of where it is earned. *See* 26 U.S.C. § 61(a); 26 C.F.R. § 1.1-1(b). In enacting the BSA, Congress recognized that citizens' use of undisclosed foreign accounts caused significant federal tax losses as well as a gaping disparity in the enforcement of the internal revenue laws. *See* 1970 U.S.C.C.A.N. at 4397-98 (observing that "[s]ecret foreign financial facilities" offered the wealthy a "grossly unfair" but "convenient avenue of tax evasion").

year.  *See* 31 U.S.C. § 5321(a)(5)(B)(i), (C); *United States v. Boyd*, No. CV 18-803-MWF, 2019 WL 1976472, at *3-5 (C.D. Cal. Apr. 23, 2019) (holding that a $10,000 penalty can be assessed for each unreported foreign account).

### b. Mr. Kaufman is Liable for Non-Willful FBAR Penalties for 2008, 2009, and 2010.

To show that a person is liable for a "non-willful" FBAR penalty, the United States must prove five elements:

(1) The person is a U.S. person, i.e., "subject to the jurisdiction of the United States," during the reporting period;

(2) The person must have had "a financial interest in, or signature or other authority over, a bank, securities or other financial account;"

(3) The account must have been located in a foreign country;

(4) The balance in the account (or aggregate balance of more than one account) must have exceeded $10,000 at some point during the reporting period; and,

(5) The person must have failed to report the account as required.

*See United States v. McBride*, 908 F. Supp. 2d 1186, 1201 (D. Utah 2012) (noting seven elements in willful-penalty case, including willfulness of person's conduct and whether "the amounts of the penalties were proper"); *also* 31 C.F.R. § 103.24(a) (2009).  After applying these five elements to the facts of this case, the Court should enter judgment against Mr. Kaufman for the non-willful FBAR penalties that the IRS assessed against him.

First, Mr. Kaufman is a United States citizen.  *See* Statement of Material Facts (hereinafter referred to as "SOF") at ¶ 1.

Second, Mr. Kaufman had signature or other financial authority over a number of financial accounts with a number of financial institutions during 2007, 2008, and 2009.  *See* SOF at ¶ 2-5.

3

Third, Mr. Kaufman's financial accounts were located in Israel. *Id*.

Fourth, the balances of the foreign financial accounts in 2008, 2009, and 2010 exceeded $10,000 in each of those years. *See id*. at ¶ 3-5.

Fifth, Mr. Kaufman did not timely file FBARs for 2008, 2009, and 2010, to report his foreign financial accounts, i.e., he did not file his 2008 FBAR by June 30, 2008; his 2009 FBAR by June 30, 2010; or his 2010 FBAR by June 30, 2011. *Id*. at ¶ 4.

For failing to timely report his foreign accounts, Mr. Kaufman is subject to a penalty of up to $10,000 per account per year. *See* 31 U.S.C. § 5321(a)(5)(B)(i), (C); *Boyd*, 2019 WL 1976472, at *3-5. The IRS, after considering the mitigation factors set forth in the Internal Revenue Manual, assessed against Mr. Kaufman a penalty of $42,249 for failing to report 13 accounts at 11 financial institutions in 2008; a penalty of $42,287 for failing to report 12 accounts at 10 financial institutions in 2009; and a penalty of $59,708 for failing to report 17 accounts at 14 financial institutions in 2010. *See* SOF at ¶ 7.

Mr. Kaufman has made no payments towards the penalties assessed against him. *See* Plaintiff's Exhibit ("P. Ex.") E, F (showing that the balance remaining on the principal amount of the FBAR penalty assessments is the same as the original amount of the assessments). Mr. Kaufman is thus liable for the full amount of the assessed penalties. In addition, interest, pursuant to 31 U.S.C. § 3717(a)(1), and delinquency penalties, pursuant to 31 U.S.C. § 3717(e)(2), have accrued and continue to accrue on Mr. Kaufman's liabilities.[3]  P. Ex. F.

As of December 6, 2019, Mr. Kaufman is liable to the IRS in the total amount of

---

[3] The Treasury Department is also entitled to assess costs related to processing and handling FBAR penalty debts, pursuant to 31 U.S.C. § 3717(e)(1), though no such costs have been assessed against Mr. Kaufman. P. Ex. F.

4

$186,679.40, plus statutory interest and additions that continue to accrue from and after December 6, 2019.  *See* SOF at ¶ 8.

## Conclusion

For the foregoing reasons, the Court should grant the United States' motion for summary judgment against Mr. Kaufman, and enter judgment against him in the amount of $186,679.40, plus interest and statutory additions from and after December 6, 2019.

    Respectfully submitted,

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General

    */s/ Bradley A. Sarnell*
    BRADLEY A. SARNELL
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C.  20044
    202-307-1038 (v)
    202-514-5238 (f)
    Bradley.A.Sarnell@usdoj.gov