**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:18-cv-787-KAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZVI KAUFMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT KAUFMAN'S MOTION FOR LEAVE TO FILE SURREPLY**

Defendant Zvi Kaufman files this Motion for Leave to File Surreply regarding Plaintiff's Motion for Summary Judgment [DE 64] pursuant to the District of Connecticut's Local Rule 7(d). Per Local Rule 7(d), "No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause. Here, good cause exists for the following reasons:

1.      Defendant Kaufman includes a completed copy of his brief, 10-page surreply as an attachment to this Motion. Permitting the surreply will accordingly not delay determination of the parties' pending motions for summary judgment. Moreover, the Court may accordingly review the surreply to determine whether its consideration would be helpful to the Court.

2.      The Surreply is necessary because it addresses two issues. First, it addresses Plaintiff's Reasonable Cause argument. The Government failed entirely to address Defendant Kaufman's affirmatively pleaded and clearly forecasted affirmative defense in its initial Motion. Accordingly, Defendant Kaufman was forced to raise it in his Response and this surreply represents Kaufman's first opportunity to address the Government's arguments on this issue. It thus effectively functions as a Reply.

{00151532.1 }

3.      Second, the Surreply addresses three cases on which the Government relies in its

Reply. Because these cases were raised for the first time in the Government's Reply, this surreply

represents Kaufman's first opportunity to address them.

WHEREFORE, Defendant Kaufman respectfully requests that the Court grant him leave

to file a surreply, and either accept the attached document as filed or order Defendant to timely file

the surreply as a separate docket entry. In the alternative, we would ask the Court to deny the

Government's Motion for Summary Judgment for its failure to address Defendant's affirmative

defense of reasonable cause in the first instance.

## CERTIFICATE OF CONFERRAL

Before filing this Motion, counsel for defendant, Jeffrey A. Neiman, conferred with

opposing counsel who does not consent to the filing of a surreply.

Date: January 21, 2020                    Respectfully Submitted,

/s/   Jeffrey   M.   Sklarz_____
Jeffrey M. Sklarz (ct20938)
Green & Sklarz, LLC
700 State Street, Suite 100
New Haven, Connecticut 06511
(203) 285-8545
jsklarz@gs-lawfirm.com

Jeffrey A. Neiman (admitted *pro hac vice*)
Marcus Neiman & Rashbaum LLP
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
(954) 462-1200
jneiman@mnrlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Date:   January 21, 2020                                    /s/ Jeffrey M. Sklarz