IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 3:18-cv-787-KAD |
| v. | ) |
| ZVI KAUFMAN, | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff United States of America hereby responds to Defendant Zvi Kaufman's motion for leave to file a surreply in opposition to the United States' motion for summary judgment. (Doc. 68).

The general progression of motion practice is that "[t]he moving party files a brief, the opposing party may respond, and the moving party gets the final word through a reply brief." *Stinke v. Dittmann*, Case No. 17-cv-653-pp, 2019 WL 1255547 (E.D. Wis., Mar.19, 2019). Surreplies are authorized in this district by Local Rule 7.1(d), which allows them only with permission of the Court upon a showing of good cause. Surreplies are only allowed in the limited circumstance that "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Williams v. City of Hartford*, Civil No. 3:15-cv-00933(AWT), 2017 WL 11448094, *5 (D. Conn. June 16, 2017).

Defendant argues that it should be entitled to a surreply because the United States did not address his reasonable cause defense in its initial brief and thus that the proposed surreply effectively functions as a reply. "[I]t is not for [the moving party] to offensively demonstrate the inapplicability of [the non-movant's] affirmative defenses, rather, the burden is on [the non-movant] to assert and prove the affirmative defenses." *Swartz v. DiCarlo*, Case No. 1:12-cv-

1

3112, 2017 WL 1284724 (N.D. Ohio Mar. 31, 2017).  The United States filed its motion for summary judgment on December 10, 2019, but the deadline to file dispositive motions was not until December 31, 2019.  Defendant was aware during the 21 days between the United States' filing and the deadline that the United States' initial brief did not raise his affirmative defenses.  If Defendant wanted to ensure himself the opportunity to file a reply, he could have filed a motion for summary judgment on his affirmative defenses, but he chose not to do so.  Defendant was not "forced" to raise it in his response, he chose not to avail himself of the opportunity to raise the issues in his own motion for summary judgment, and thus he must show good cause before he can be allowed to file a surreply.

Defendant admits that the United States' reply argues that "even if a jury credits Kaufman's evidence" his reasonable cause defense is insufficient as a matter of law.  As such, the issues are not being raised for the first time; Defendant raised the issues himself in his response, and the United States showed that, even taking all of his assertions as true and drawing all inferences in his favor, the United States is still entitled to summary judgment.  Further, the fact that the United States cited cases for the first time in its reply brief is not grounds to file a surreply.  Defendant cannot simultaneously assert both that the United States was obligated to raise his affirmative defenses in its opening brief and also that in his own brief he was not required to grapple with the only three published decisions regarding reasonable cause in the context of non-willful FBAR.

Defendant has not met his burden to show that there is good cause for the Court to grant him permission to file a surreply and the Court should deny his motion.

        Respectfully submitted,

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General
        Tax Division, U.S. Department of Justice

        */s/Bradley A. Sarnell*
        BRADLEY A. SARNELL
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C. 20044
        Telephone: (202) 307-1038
        Fax: (202) 514-5238
        Email: Bradley.A.Sarnell@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of January, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF filers. There are no parties which require conventional service.

                                    */s/ Bradley A. Sarnell*
                                    BRADLEY A. SARNELL
                                    Trial Attorney
                                    United States Department of Justice, Tax Division