**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:18-cv-787-KAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZVI KAUFMAN, | ) | |
| | ) | |
| Defendant. | ) | January 29, 2020 |
| | ) | |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Zvi Kaufman files this Reply in further support of his Motion for Partial Summary Judgment [DE 65]. At issue in Defendant's motion is whether the $10,000 non-willful FBAR penalty applies on a per-account or per-form basis. Rather than rehash Defendant's arguments in full, this Reply will address certain discrete points raised by Plaintiff in its Response.

**I.      The Central District of California's decision in *United States v. Boyd* is flawed.**

The Government faults Defendant for conducting a *de novo* analysis of the applicable statute rather than engaging with the Central District of California's decision in *United States v. Boyd*, Case No. 18-cv-803, 2019 WL 1976472 (C.D. Cal. Apr. 23, 2019). The *Boyd* decision is of course non-controlling and subject to a pending appeal before the Ninth Circuit. But, nonetheless, the Government's observation is valid and the case does merit discussion.

The *Boyd* Court's analysis is flawed in two important respects. <u>*First*</u>, it fails to properly apply the rule of lenity in the face of two reasonable interpretations of the FBAR statute. The *Boyd* Court explicitly acknowledges that it "views section 5321 as somewhat unclear as to whether the $10,000 negligence penalty applies per year or per account." 2019 WL 1976472, at *4, and that authority supports "the argument that a rule of lenity should apply here." *Id.*, at * 5 (quoting

{00152671.2 }

*Bradley v. United States*, 817 F.2d 1400, 1402–03 (9th Cir. 1987) for the proposition that "tax provision[s] which impose[] a penalty [are] to be construed strictly; a penalty cannot be assessed unless the words of the provision plainly impose it.") Additionally, *Boyd* holds only that the Government's proffered interpretation is "more reasonable," not that the *Boyd* Taxpayer's proffered interpretation is *un*reasonable. *Id.*, at \*4.

If the *Boyd* Court had applied the rule of lenity correctly, it would have resolved this decision between two reasonable interpretations in the Taxpayer's favor. That's the point of the rule. If the Court is faced with two reasonable interpretations of a penalty,[1] the Court defers to the accused rather than determines afresh which interpretation is "more reasonable." "Generally stated the 'Rule of Lenity' is that where the intention of Congress is not clear from the Act itself, and reasonable minds might differ as to its intention, the Court will adopt the less harsh meaning." *United States v. Callanan*, 173 F. Supp. 98, 101 n.3 (E.D. Mo. 1959); *accord* 73 Am. Jur. 2d Statutes § 188 (2d ed. 2019) ("When the legislature allows two conflicting statutory provisions to coexist, the rule of lenity applies and the courts must follow the statutory provision more favorable to the accused.").

<u>Second</u>, the *Boyd* Court's evaluation of the Government's argument does not account for the Dictionary Act, present at 1 U.S.C. § 1. There, Congress states, "In determining the meaning of any Act of Congress, unless context indicates otherwise—words importing the singular include and apply to several persons, parties or things" and "words importing the plural include the singular." This is important. The *Boyd* Court's entire basis for determining that the Government's proffered interpretation was "more reasonable" was the Government's contention "that Congress made clear each violation relates to each 'account,' since Congress used the singular form of the

---

[1] Assuming, as Defendant's Initial Brief observes, that this ambiguity remains "even after considering text, structure, history, and purpose" of the statute. [DE 65-2 (citing *Barber v. Thomas*, 560 U.S. 474, 488 (2010)].

word" in setting forth certain antecedents of a reasonable cause defense, and that "[i]n each instance, Congress selected the singular forms of 'account' and 'balance,' indicating that a violation relates to one, and only one account." *Id.*, at *4. But as 1 U.S.C. § 1 states, the selection of the singular over the plural is of no import. Congress has specifically instructed the Courts that "unless context indicates otherwise," the singular and plural forms of words are to be treated the same. Regrettably, neither the *Boyd* Defendants nor the Government raised 1 U.S.C. § 1.

It is no answer to say that the context of the word "account" in Section 5321(a)(5)(B)(ii) requires it to be read in the singular. The statute *Boyd* quoted would make as much sense were the word "account*s*" substituted.  Indeed, given that Section 5321(a)(5) calls back to a violation of 31 U.S.C. § 5314(a), and Section 5314(a) imposes a requirement to "file reports," reading the word "accounts" in Section 5321(a)(5)(B)(ii) as plural makes more sense. It eliminates the ambiguity at the heart of this motion.

## II.    31 C.F.R. § 1010.350(a) does not speak to the maximum non-willful penalty allowed.

The Government's response brief makes much of 31 C.F.R. § 1010.350(a), which fulfills Congress's statutory instruction at 31 U.S.C. § 5314(b)(1) that "the Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in, the United States, to keep records, file reports, or keep records and file reports." Indeed, the Government makes too much of it, for the purposes of the inquiry at issue here.

Regulation 31 C.F.R. § 1010.350(a) describes the information that must be included on an FBAR form, and states to whom within the Treasury Department the form should be directed (the IRS Commissioner). As the Government correctly observes, per Section 1010.350(a), the form must include each relationship that the Taxpayer maintains with a foreign financial institution (that is, each financial account). But that does not—and cannot—change the fact that statute section 31

U.S.C. § 5314(b)(1) describes what it requires as "filing reports" rather than "disclosing accounts." The failure to file a complete and accurate required report remains the offense to which Section 5321(a)(5)(A)'s $10,000 maximum applies.

## CONCLUSION

For the foregoing reasons, Defendant Kaufman respectfully requests that the Court grant his motion for partial summary judgment to the extent that the Government seeks penalties in this case that exceed $30,000—$10,000 for each of Kaufman's delinquent FBAR forms.

Respectfully Submitted,

/s/  Jeffrey  M.  Sklarz
Jeffrey M. Sklarz (ct20938)
Green & Sklarz, LLC
700 State Street, Suite 100
New Haven, Connecticut 06511
(203) 285-8545
jsklarz@gs-lawfirm.com

Jeffrey A. Neiman (admitted *pro hac vice*)
Marcus Neiman & Rashbaum LLP
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
(954) 462-1200
jneiman@mnrlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Date:   January 29, 2020                                        /s/ Jeffrey M. Sklarz

{00152671.2 }                                        4