IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:18-cv-787-KAD |
| ) | |
| v. ) | |
| ) | |
| ZVI KAUFMAN, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF UNITED STATES' MOTION FOR ENTRY OF JUDGMENT**

Plaintiff United States of America requests that the Court enter a judgment in its favor, and against Defendant Zvi Kaufman, in the amount of $41,137, plus interest and statutory additions from and after January 11, 2021. Defendant Zvi Kaufman does not consent to the United States' motion. As explained below, this amount is divisible into three parts: the FBAR penalty of $30,000 (as determined by the Court); pre-judgment interest of $1,591.23; and late-payment penalty of $9,547.40. Because Mr. Kaufman never challenged the amount of the pre-judgment interest or the late-payment penalty at the summary judgment stage of these proceedings, he is barred from doing so now.

**Background**

The United States filed suit against Mr. Kaufman on September 11, 2017 in the U.S. District Court for the Southern District of Florida, seeking to reduce to judgment Mr. Kaufman's liabilities for civil penalties, assessed pursuant to 31 U.S.C. § 5321(a)(5), for his non-willful failure to report his foreign financial accounts to the United States (commonly known as "FBAR penalties" after the form on which the accounts are reported, known as a Foreign Bank Account Report) in calendar years 2008-2010. (Doc. 1). At the time of filing, Mr. Kaufman's FBAR penalty liabilities totaled $163,746.57, including the FBAR penalties, interest, and late-payment

1

penalties authorized under 31 U.S.C. § 3717(e).  *Id*.  The case was later transferred to this Court. (Doc. 12).

On December 10, 2019, the United States moved for summary judgment on the issue of Mr. Kaufman's liability for the non-willful penalties.  (Doc. 64).  On December 30, 2019, Mr. Kaufman filed an opposition to the United States' motion for summary judgment, in which he challenged his liability for the FBAR penalties only on reasonable cause grounds.  (Doc. 65).  As part of his opposition, Mr. Kaufman cross-moved for partial summary judgment, arguing that non-willful FBAR penalties are capped under 31 U.S.C. § 5321(a)(5)(B) at $10,000 per year, not $10,000 per account.  *Id*.  Mr. Kaufman made no other arguments about the calculation of the FBAR penalty, the interest, or the late-payment penalty.

On January 11, 2021, the Court issued a Memorandum of Decision granting in part and denying in part the United States' motion for summary judgment in part and granting Mr. Kaufman's cross-motion for summary judgment.  (Doc. 78).  The Court granted the United States' motion on the issue of liability, finding there were no triable issues regarding Mr. Kaufman's reasonable cause defense.  *Id.*  Notably, the Court found that, notwithstanding Mr. Kaufman's objection to the United States' Statement of Material Facts Not In Dispute with regard to the amount of the liability (which included interest and late-payment penalties), the United States' statement as to that amount "is supported by the declaration of debt filed by the Government."  *Id.*  In granting Mr. Kaufman's cross-motion for partial summary judgment, the Court held that "[c]ivil monetary penalties under 31 U.S.C. § 5321(a)(5)(B)(i) must be assessed on a per form basis and the civil penalties for which Kaufman may be liable is capped at

$30,000." *Id.* Insofar as the United States "sought judgment in the amount previously assessed by the IRS," the United States' motion was denied in part. *Id.*

### Argument

The United States requests that the Court enter judgment against Mr. Kaufman in the amount of $41,137, plus interest and statutory additions from and after January 11, 2021. This amount was determined, as follows.

1. *The FBAR penalty assessment*

The United States assessed non-willful penalties against Mr. Kaufman for calendar years 2008-2010 on September 24, 2015. (Doc. 78, p. 2). As noted in the declaration of Nancy Beasley, attached to this motion as an exhibit, after IRS Form 13448 is signed to assess an FBAR penalty, an FBAR penalty coordinator enters information relating to the penalty into the IRS FBAR database. Declaration of Nancy Beasley ("Beasley Decl."), ¶ 3. The Court has since held that the proper amount of the penalties for which Mr. Kaufman is liable is $30,000, $10,000 per FBAR form not timely and completely filed. (Doc. 78). As such, $30,000 of the $41,137 requested represents the FBAR penalties themselves.

2. *Pre-judgment interest*

Congress has mandated that the Secretary "shall charge" a minimum annual rate of interest on outstanding debts owed to the United States. 31 U.S.C. § 3717(a)(1). At or near the time the FBAR penalty is assessed, the IRS sends the penalized accountholder a letter demanding payment of the debt. Beasley Decl. at ¶ 3. If the IRS does not receive payment within 30 days of sending the letter, an FBAR penalty coordinator enters information pertaining to the debt into the Bureau of the Fiscal Service's Cross Servicing Next Generation ("CSNG") system. Beasley Decl. at ¶ 4. The CSNG system, among other things, automatically calculates

the pre-judgment interest on the FBAR debt, which accrues from the date on which notice of the debt was mailed. 31 U.S.C. § 3717(b); Beasley Decl. at ¶ 4. The interest accrues at a fixed rate, which is the rate in effect on the date from which interest begins to accrue, 31 U.S.C. § 3717(c), until the date of any judgment. 31 U.S.C. § 3717(a). For calendar year 2015, the applicable interest rate was 1.00%. *See* "Rate for Federal Debt Collection, Discount and Rate Evaluation," 79 FR 65479-01, 2014 WL 5518097 (Nov. 4, 2014). After a judgment is entered, the accrual of interest is governed by 28 U.S.C. § 1961(a), and interest accrues at that rate until the judgment is satisfied.

The pre-judgment interest portion of Mr. Kaufman's debt (using $30,000 as the FBAR penalty assessment, as determined by this Court) is $1,591.23. Pre-judgment interest on the penalty began to accrue on September 24, 2015, the date that notice of the debt was mailed to him. (Doc. 64-1). The $1,591.23 represents 1% interest on $30,000 through January 11, 2021 ($1,500, comprised of annual accrued interest of $300 for five years, from September 24, 2015 through September 24, 2020; plus $91.23, the pro-rated accrued interest from September 25, 2020 through January 11, 2021).

3. *The late-payment penalty*

Congress has also mandated a late-payment penalty for unpaid debts more than 90 days past due: the Secretary "shall assess on a claim owed by a person [. . .] a penalty charge of not more than 6 percent a year for failure to pay part of a debt more than 90 days past due." 31 U.S.C. § 3717(e). The late-payment penalty is set at six percent per year. 31 C.F.R. § 5.5(a).

Courts have noted the mandatory nature of the late-payment penalty; as one court has stated, the phrase "shall assess" shows that assessment of this penalty is mandatory and that "this Court and the Department of the Treasury do not have discretion to reduce the penalty by these

4

additional sums." *United States v. Toth*, No. 15-cv-13367-ADB, 2020 WL 5549111, at *8 n.8 (D. Mass. Sept. 16, 2020).  *See also United States v. Garrity*, 3:15-cv-243 (MPS), 2019 WL 1004584, at *9 (Feb. 28, 2019) ("Federal agencies must assess a late payment penalty 'of not more than 6 per cent per year for failure to pay part of a debt more than 90 days past due'"). Courts have treated the late-payment penalty as accruing by operation of law.  *See Garrity*, 2019 WL 1004584 at *8 ("Interest and late payment penalties begin to accrue on the date the assessment is first mailed to the debtor."); *see also United States v. Zimmerman*, 2:19-cv-4912-CAS-EX, 2020 WL 6065333, at *5 (C.D. Cal. Sept. 16, 2020) ("[S]tatute permits the accrual of interest and penalties" under 31 U.S.C. § 3717(e)(2)); *United States v. DeMauro*, No. 17-cv-640-JL, 2020 WL 5757466, at *14 (D.N.H. Aug. 28, 2020).

As set forth in Ms. Beasley's declaration, the CSNG system automatically calculates the late-payment penalties which accrue on the delinquent FBAR penalty debt.  Beasley Decl. at ¶ 4.  The accrued late-payment penalties are periodically "assessed" when an FBAR penalty coordinator accesses CSNG and changes the designation of the penalty amounts from "accrued" to "assessed."  Beasley Decl. at ¶ 5.  As of December 6, 2019 (the date to which Mr. Kaufman's debts were calculated for purposes of the United States' motion for summary judgment), $10,646.39 of the late-payment penalty had been assessed, and that Mr. Kaufman was liable for an additional late-payment penalty of $25,726.81, which had accrued but had not yet been moved from "accrued" to "assessed" on the CSNG system.  Beasley Decl. at ¶ 6.

The late-payment penalty on an FBAR penalty of $30,000 assessed on September 24, 2015 is $9,547.40 (at 6% annually, $1,800 per year for five years, from September 24, 2015 through September 24, 2020; plus $547.40 representing the pro-rated portion of the penalty from

September 25, 2020 through January 11, 2021). The late-payment penalty continues to accrue to and after the date of the judgment, until the judgment is satisfied. 31 U.S.C. § 3717(e)(2).

*4. Mr. Kaufman has waived any arguments about the calculation of the interest or late-payment penalty*

      Mr. Kaufman has waived any argument he may have regarding his liability for interest or the late-payment penalty. The United States' motion for summary judgment argued that Mr. Kaufman was liable for interest and a late-payment penalty and requested a judgment that included such amounts. (Doc. 64, 64-2, and 64-9). Mr. Kaufman opposed the United States' motion but chose to make no argument that he was not liable for interest or the late-payment penalty. The Second Circuit has held repeatedly that arguments not raised in opposition to summary judgment are waived. *See, e.g.*, *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."). *See also Askins v. Doe No. 1*, 727 F.3d 248, 252 (2d Cir. 2013) ("In this case, Askins waived any argument that an amended complaint naming the Doe defendants would relate back to the original complaint. He failed to make any such argument in opposition to the defendants' motion for summary judgment."); *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) ("Those arguments were raised for the first time in plaintiffs' motion for reconsideration and therefore were not properly presented to the district court. Accordingly, they are waived."); *In re Gen. Motors LLC Ignition Switch Litig.*, 427 F. Supp. 3d 374, 379 (S.D.N.Y. 2019) ("[A] party cannot excuse its failure to make an argument on the ground that the court has not yet rejected it. Were it otherwise, it would undermine the well-established proposition that a losing party may not use a motion for reconsideration to 'examin[e] a decision and then plug[] the gaps of a lost motion with additional matters.'"). If Mr. Kaufman had wanted to challenge the interest or the

late-payment penalty, his opportunity to do so was at the summary judgment stage.  The Court having found that he is liable for $30,000 in FBAR penalties, and federal law mandating the accrual of 1% interest and 6% late payment penalties annually on FBAR penalties, Mr. Kaufman is liable for the late-payment penalty and interest to and after the date of the judgment.

    WHEREFORE, Plaintiff United States of America requests that the Court enter judgment in its favor, and against Mr. Kaufman, in the form attached to this motion.

    Respectfully submitted,

    DAVID A. HUBBERT
    Acting Assistant Attorney General
    U.S. Department of Justice, Tax Division

    */s/ Bradley A. Sarnell*
    BRADLEY A. SARNELL
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C.  20044
    202-307-1038 (v)
    202-514-5238 (f)
    Bradley.A.Sarnell@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of March, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF followers. There are no parties which require conventional service.

                                                */s/ Bradley A. Sarnell*
                                                BRADLEY A. SARNELL
                                                Trial Attorney
                                                United States Department of Justice, Tax Division