IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZVI KAUFMAN, )<br>)<br>Defendant. ) | Case No. 3:18-cv-787-KAD |

**DECLARATION OF NANCY BEASLEY**

I, Nancy Beasley, declare as follows:

1. I am an FBAR Penalty Coordinator in the Bank Secrecy Act Examination Program of the Small Business/Self-Employed Division of the Internal Revenue Service ("IRS"), 985 Michigan Avenue, Detroit, Michigan. The FBAR penalty is assessed pursuant to 31 U.S.C. § 5321(a)(5) for an accountholder's failure to timely report their foreign financial accounts to the IRS. The term "FBAR" (Foreign Bank Account Report) refers to the form which accountholders use to report their accounts.

2. As part of my regular duties, I am asked by the Department of Justice to access and review IRS records of FBAR penalties as they relate to specific individuals. The records I review are created at or near the time of the time of the act(s) or event(s) described by the records and are prepared by an IRS employee with knowledge of the act(s) or event(s). It is the regular practice of the IRS to create and preserve such records. In this case, I have reviewed the IRS's records regarding the FBAR penalty liabilities of Zvi Kaufman and my statements in this declaration are based on my personal knowledge of IRS policy and procedure and my review of such records.

3. An FBAR penalty assessment is made when a Penalty Assessment Certification (Form 13448) is signed by an authorized IRS employee. After the Form 13448 is signed, an FBAR penalty coordinator enters information into the IRS FBAR database related to the IRS's determination of a penalty. At or near the time an FBAR penalty assessment is made, the Bank Secrecy Act Examination office sends the person assessed a Letter 3708 demanding payment of the FBAR penalty assessment (debt).

4. If the IRS does not receive full payment within approximately 30 days of sending the Letter 3708, an FBAR penalty coordinator enters the information pertaining to the FBAR debt, including the amount of the debt and the delinquency date, into the Cross Servicing Next Generation ("CSNG") system. CSNG is an electronic debt-collection system maintained by the Bureau of the Fiscal Service ("BFS"), a bureau of the United States Treasury. CSNG is the only system that automatically calculates interest and late-payment penalties on the FBAR debt and that contains records of all payments credited to that debt. CSNG also records any collection costs charged by BFS related to the FBAR debt.

5. Late-payment penalties, pursuant to 31 U.S.C. § 3717(e), accrue on the delinquent FBAR debt beginning on the date the Letter 3708 is sent out. After that date, the accrued late-payment penalties are periodically "assessed" against the delinquent debtor when an FBAR penalty coordinator accesses CSNG and changes the designation of the penalties from "accrued" to "assessed."

6. On December 6, 2019, I provided a declaration of Zvi Kaufman's unpaid balances due for the FBAR penalty assessments against him, as well as the late-payment penalties that accrued. As of that date, Zvi Kaufman owed $36,373.20 in late payment penalties pursuant to 31 U.S.C. § 3717(e). Of that amount, $10,646.39 had been converted in CSNG from "accrued" to

"assessed" and the remaining $25,726.81 owed by Kaufman had "accrued" but had not yet been "assessed."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate. Executed this 4th day of March, in Detroit, Michigan.

X *Nancy M. Beasley*
Nancy Beasley
FBAR Penalty Coordinator