UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:18-cv-787-KAD |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ZVI KAUFMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPPOSITION TO PLAINTIFF UNITED STATES'
MOTION FOR ENTRY OF JUDGMENT**

Defendant Zvi Kaufman files this Response in Opposition to Plaintiff United States' Motion for Entry of Judgment [DE 79]. Specifically, Kaufman objects to the Government's inclusion of $9,547.40 in late-payment penalties and $1,591.23 in pre-judgment interest. These penalties and interest run from the time of a proper assessment. But there has been no proper assessment in this case. Rather, the Government pegs its request for late-payment penalties to an unlawful and inflated assessment of $144,244 purportedly made pursuant to 31 U.S.C. § 5321(a)(5). As this Court has held, § 5321(a)(5) authorized only $30,000 in penalties against Defendant Kaufman.

    **I.**    **Late Payment Penalties and Interest Under 31 U.S.C. § 3717 are not Authorized.**

The Government's Motion seeks late-payment penalties and interest under 31 U.S.C. § 3717. Section 3717(a) applies interest on an outstanding debt. Importantly, however, interest accrues only "from the date . . . notice of the amount due is first mailed to the debtor." 31 U.S.C. § 3717(a). Similarly, 31 U.S.C. § 3717(e) provides for assessment of a late payment penalty of six percent per year for failure to pay "a debt more than 90 days past due." Per the Government's affiant—IRS Penalty Coordinator Nancy Beasley— an FBAR penalty is assessed "when a Penalty

Assessment Certification (Form 13448) is signed by an authorized IRS employee," and "the Bank Secrecy Act Examination office sends the person assessed a Letter 3708 demanding payment of the FBAR penalty assessment (debt)." [DE 79-1 at 2.][1]

Here, the IRS has never provided Defendant Kaufman with notice of any proper penalty assessment as Section 3717 requires. Instead, the IRS provided Kaufman with a Letter 3708 demanding payment of an amount far more than what Kaufman owed under the law. Accordingly, neither interest nor late payment penalties under § 3717(a) and (e) have begun to accrue. They therefore should not be included in any judgment.

Importantly, Kaufman's case is far different from cases concerning *tax* deficiencies. Unlike FBAR penalties, tax debts arise automatically as a matter of law, even without assessment. As the Court of Federal Claims recently observed, "[t]axes may be properly due even if the IRS does not 'assess' them upon the taxpayer, since tax liability generally arises automatically from statute." *Habenicht v. United States*, 132 Fed. Cl. 565, 567 (2017).[2] ("Taxes may be properly due even if the IRS does not 'assess' them upon the taxpayer, since tax liability generally arises automatically from statute."). FBAR Penalties, however, are discretionary and arise only upon assessment. 31 U.S.C. § 5321(a)(2) ("The Secretary of the Treasury *may* impose an additional civil penalty on a

---

[1] Curiously, the Government states that if the IRS does not receive full payment "within approximately *30 days of sending* the Letter 3708," late-payment penalties "pursuant to 31 U.S.C. § 3717(e), accrue on the delinquent FBAR debt beginning on the date the Letter 3708 is sent out." [DE 79-1 at 2.] However, per § 3717(e), the late-payment penalty applies only to debts "more than *90 days past due*" (emphasis added).

Defendant Kaufman opposes any late-payment penalty attributable to the (at least) sixty-day period between the date the IRS began to impose late-payment penalties (30 days after the Letter 3708 was mailed—which letter presumably gives taxpayer additional time to make payment) and the date the IRS was entitled to begin to impose such penalties (90 days after the payment's due date). Defendant further notes that the Government has not provided the Court with sufficient information to calculate such amount.

[2] Tax penalties under the Internal Revenue Code (Chapter 26 of the U.S. Code) are treated as "additional tax" and are therefore subject to the same rules. *See, e.g.*, 26 U.S.C. § 6651 (describing the penalty for failure to file a return as an "addition to tax.").

person not filing a report, or filing a report containing a material omission or misstatement, under section 5316 of this title . . . .").

Again, because the IRS has not sent Kaufman a proper penalty assessment and payment demand, late-payment penalties and interest has not yet begun to accrue. And this makes perfect sense. To determine otherwise would be to penalize Kaufman for failing to satisfy an unlawful demand for an amount that the Court has determined he did not owe.

### II. Kaufman has not waived his right to object to the inclusion of late-payment and interest in any judgment against him.

Remarkably, the Government argues that even if the law does not entitle it to collect interest and late-payment penalties, the Court should allow it anyway because Kaufman has purportedly waived his right to object. This is so, the Government contends, because "Mr. Kaufman opposed the United States' motion [for summary judgment] but chose to make no argument that he was not liable for interest or the late-payment penalty." The Government's argument is off base for two reasons. *First*, Kaufman *did* argue that he was not liable for the late-payment penalty and interest. *Second*, a waiver could not apply in this circumstance in any event because the Government bears the burden of proving entitlement to these penalties and cannot shift the burden to the defendant to disprove them.

#### A. Kaufman did object to the imposition of interest and late-payment penalties.

The Government's argument on waiver fails on factual grounds, as Kaufman did in fact object to these amounts. To be clear, the Government's Motion for Summary Judgment and accompanying memorandum was wholly conclusory as to interest and late payment penalties. [*See* DE 64-2 at 4.] The entirety of the Government's argument on this score was made across only a few lines of text. The Government stated, in conclusory fashion that because Kaufman failed to

make full payment of the improper penalty amount in response to the Government's demand, "Mr. Kaufman is thus liable for the full amount of the assessed penalties" and "[i]n addition, interest pursuant to 31 U.S.C. § 3717(a)(1), and delinquency penalties, pursuant to 31 U.S.C. § 3717(e)(2), have accrued and continue to accrue on Mr. Kaufman's liabilities." [*Id.*] That is all the Government's Motion and Memorandum had to say on the matter. The Government also included a single additional item in its statement of Material Facts Not in Dispute addressing the late-payment penalties and interest. The Government stated that "Mr. Kaufman owes $144,244.00 on the principal for the outstanding FBAR penalties, $36,373.20 for late-payment (or 'delinquency') penalty, and $6,062.20 for interest, as of December 6, 2019." [DE 64-1 at 5.]

Importantly, Defendant Kaufman did, in fact, object to the imposition of these late-payment penalties and interest. He did so both in response to the Government's Statement of Material Facts, and in response to its briefing. Regarding the Government's Statement of Material Facts, Defendant Kaufman lodged an objection under Local Rule 56(c), noting that the statement "is unsupported by the record citation." [DE 65-1.] He did so because the "Declaration of Debt" to which the Government's Statement of Material Facts referred incorrectly applied the law and itself contained merely a conclusory statement of the amount of interest and late-payment penalties purportedly owed.

Further, in response to the Government's Motion, Kaufman argued that "the Government's request for judgment in excess of $186,679.40 [an amount including late-payment penalties and interest] is improper" and that "Defendant is entitled to partial summary judgment to the extent that the government seeks penalties [without limitation as to kind] greater than $30,000." [DE 65-2 at 1.] Kaufman further urged the Court to "grant partial summary judgment in Defendant Kaufman's favor to the extent that the Government[] seek[s] more than $30,000 in penalties in this

suit," again without regard to limitation on kind. [DE 65-2 at 22.] The Court apparently agreed with this request, as its Memorandum of Decision granted Kaufman's Motion and held that "the civil penalties for which Kaufman may be liable is capped at $30,000.00," likewise without limitation as to the kind of civil penalties to which it referred. [DE 78 at 21.]

### B. Failure to address a matter on which the Government bears the burden of proof does not constitute a waiver on summary judgment in any event.

Even if Kaufman's Response to the Government's Motion for Summary Judgment had not explicitly opposed the late-payment penalties and interest the Government seeks, it would not constitute a waiver. It is well-settled that, on summary judgment, the *moving party* bears the burden to establish entitlement to relief. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) ("Summary judgment is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'"). If a movant bears the burden of proof at trial, the movant must come forward with sufficient evidence to establish its claim and show that there is no genuine issue of material fact as to that claim. A movant cannot shift the burden to the non-movant simply by raising the issue and arguing that the non-movant has failed to oppose it.

Accordingly, it should be unsurprising that the Government dramatically overstates its caselaw. The Government first cites *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) for the proposition that "in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that the relevant claims or defenses that are not defended have been abandoned." However, this statement refers to an instance in which a moving party sought summary judgment on a matter upon which the non-moving party bore the burden of proof.

This is a significant distinction. "Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence

supporting the non-movant's claim." *Sosa v. New York City Dep't of Ed.*, 406 F. Supp. 266, 268 (S.D.N.Y. 2019). Then, "[o]nce the movants meet their initial burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial." *Id.* In such a circumstance, it is not surprising that a non-movant's failure to address a purported lack of evidence would lead to decision against it. Here, however, the Government bears the burden to establish entitlement to the penalties it seeks.

The Government next cites *Askins v. Doe No. 1*, 727 F.3d 248 (2d Cir. 2013), in support of its waiver argument. It likewise fails to support the Government's position. There, the Second Circuit held that a plaintiff had waived his argument that the trial court erred in failing to grant him leave to amend his complaint. *Id.* at 252. This was so, however, because the plaintiff had failed to raise that issue before the trial court in any capacity. *Id.* the case thus stands for the well-established proposition that, ordinarily, a matter may not be raised for the first time on appeal. The case does not stand for the proposition failure to raise the issue in response to a summary judgment motion bars a litigant from asserting that issue in another context before the trial court.

Finally, the Government cites *Phillips v. City of New York*, 775 F.3d 538 (2d Cir. 2015) and *Gen. Motors LLC Ignition Switch Litig.*, 427 F. Supp. 3d 374 (S.D.N.Y. 2019). These cases are inapposite because they consider and reject arguments made for the first time upon a motion for reconsideration. The instant motion, of course, is not one for reconsideration. Rather, the Government has filed an initial motion for entry of judgment and Kaufman has opposed it on the grounds that it exceeds the amount authorized by statute and by this Court's prior memorandum of decision [DE 78].

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court deny the Government's Motion for Entry of Judgment for $41,137. Instead, the Court should enter judgment in favor of the Government for only $30,000.

**The Defendant: Zvi Kaufman**

/s/   Jeffrey  M.  Sklarz
Jeffrey M. Sklarz (ct20938)
Green & Sklarz, LLC
One Audubon Street, 3rd Floor
New Haven, Connecticut 06511
(203) 285-8545
jsklarz@gs-lawfirm.com

Jeffrey A. Neiman (admitted *pro hac vice*)
Marcus Neiman & Rashbaum LLP
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
(954) 462-1200
jneiman@mnrlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF System.

Date:   March 26, 2021                                              /s/ Jeffrey M. Sklarz