IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | Case No. 3:18-cv-787-KAD |
| ) | |
| v.   ) | |
| ) | |
| ZVI KAUFMAN,   ) | |
| ) | |
| Defendant.   ) | |

**PLAINTIFF UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT**

Plaintiff United States of America hereby replies to Defendant Zvi Kaufman's response to the United States' motion for entry of judgment against Mr. Kaufman. (Doc. 80). Contrary to Mr. Kaufman's arguments, the United States is legally entitled to late-payment penalties and interest on the outstanding FBAR debt, as those statutory additions arise as a matter of law. Moreover, Mr. Kaufman, having failed to raise earlier any arguments about the imposition of late-payment penalties, has waived those arguments. And finally, despite Mr. Kaufman's creative interpretation of the Court's summary judgment ruling, it is clear that the Court has not already barred the United States from collecting the late-payment penalties.

    A.  *The United States is entitled to late-payment penalties and interest on Mr. Kaufman's outstanding FBAR debt.*

Mr. Kaufman argues that the United States is not entitled to FBAR penalties because the United States never sent notice to Mr. Kaufman of the amount of the debt set by the Court, but instead sent notice to him of the amount of the debt initially assessed by the IRS. (Doc. 80, p. 1-2). Mr. Kaufman misapprehends the Court's ruling. The Court did not invalidate the assessment of FBAR penalties made by the IRS against Mr. Kaufman. Indeed, it granted the United States' motion for summary judgment, holding Mr. Kaufman liable for those penalties. (Doc. 78, p. 21).

1

The Court's ruling on Mr. Kaufman's motion for summary merely limited the *amount* of those penalties. The Court's decision has not worked a fundamental change in the nature of the penalties: they are still FBAR penalties, authorized by 31 U.S.C. § 5321(a)(5), for Mr. Kaufman's non-willful failure to timely report the same foreign financial accounts for the same calendar years (2011-2013), only the amount is different. It stands to reason that the penalty assessment date also has not changed.

There is no support for the proposition that reducing the amount of an FBAR penalty invalidates the initial assessment; indeed, the opposite is true. In *United States v. Bussell*, the IRS had assessed willful FBAR penalties of $1,221,806 against the accountholder, but in granting the United States' motion for summary judgment in part, the court reduced the assessment to $1,120,513, holding that the assessed amount violated the Eighth Amendment's Excessive Fines clause because the assessed penalty, being more than 50% of the balance in the account, exceeded the statutory cap under 31 U.S.C. § 5321(a)(5). *United States v. Bussell*, Case No. 2:15-cv-2034-SJO-VBK, 2015 WL 9957826, *8 (C.D. Cal. Dec. 8, 2015). The judgment entered by the *Bussell* court included "statutory interest accruing from the date of assessment on June 5, 2013" and concluded that the accountholder was liable for "the failure-to-pay the assessed FBAR penalty, pursuant to 31 U.S.C. Section 3717(e)(2), as provided by law." *Bussell*, 2:15-cv-2034-SJO-VBK (Doc. 45). Similarly here, the Court limited the amount of the penalty to $10,000 per year, but nothing in the Court's Order states or even implies that the assessment itself was invalidated or that the notice provided to Mr. Kaufman was overridden.

Mr. Kaufman admits he was sent IRS Letter 3708, notice of the assessment of a debt against him and a demand for payment, and such notice is the triggering event for the accrual of

interest under 31 U.S.C. § 3717(a).  (Doc. 80, p. 2).  As such, the judgment against him should include interest from the date of the assessment.

With regard to the late-payment penalties applicable under 31 U.S.C. § 3717(e), such penalties "shall" be assessed on a "claim owed by a person" for that person's "failure to pay part of a debt more than 90 days past due."[1]  The Bureau of the Fiscal Service begins calculating the late-payment penalties once the FBAR debt information is entered into the system.  (Doc. 79-2, ¶ 4-5).  Section 3717(e) does not provide any limitations on accrual of or calculation of late-payment penalties, only that such penalties can be assessed on part of a debt that is more than 90 days past due.  Courts agree that the accrual of late-payment penalties begins on the date that the FBAR penalties are assessed.  *See, e.g., United States v. Khan*, Case No. 17-cv-7258-KAM-VMS, 2019 WL 8587295, *12 (E.D.N.Y. Sept. 23, 2019) ("The Government is correct that it is entitled to late-payment penalties and interest (at a rate fixed by regulation).  Both begin to accrue on the day the assessment is first mailed to the debtor." (internal citations omitted)); *United States v. Garrity*, Case No. 3:15-cv-243 (MPS), 2019 WL 1004584, *9 (D. Conn. Feb. 28, 2019) ("Interest and late payment penalties begin to accrue on the day the assessment is first mailed to the debtor.").

There can be no reasonable dispute that, even with the Court having reduced the amount of the debt to $10,000 per year, Mr. Kaufman has owed such debt since the date on which he received from the IRS notice of the debt and a demand for payment, but neglected, failed, or

---

[1] The United States notes that there is no restriction in § 3717 as to when assessment of late-payment penalties must occur.  In any event, as set forth in Ms. Beasley's declaration, a sufficient amount of late-payment penalties have already been assessed against Mr. Kaufman to cover the reduced amount (based on the reduced FBAR penalties) that the United States seeks in its judgment.  (Doc. 79-1, ¶ 6).

declined to pay such debt. Mr. Kaufman had the option to pay the amount owed, which would have stopped the accrual of interest and late-payment penalties, and sue for a refund under 28 U.S.C. § 1346(a)(1).[2] Having chosen not to do so—or for that matter, to make any payments whatsoever towards his FBAR penalty liabilities in the five years since the assessment date—Mr. Kaufman can hardly complain he is not liable for the mandatory late-payment penalties provided for in 31 U.S.C. § 3717(e). Indeed, a holding that he was not so liable would constitute an unwarranted windfall and merely reward him for nonpayment. As such, the judgment against Mr. Kaufman should also include late-payment penalties from the date of assessment.

In a footnote, Mr. Kaufman argues that he should not be liable for any portion of the late-payment penalties that accrues in the 60-day period between the expiration of the 30-day period after the Letter 3708 is mailed and the end of the 90-day period before which the IRS cannot assess late-payment penalties. (Doc. 80, p. 2 n.1). Although the question of whether an accountholder who makes payments towards their liability in that 60-day window can be liable for late-payment penalties (and the calculation thereof) is an interesting question, it is not the issue before the Court. It is undisputed that Mr. Kaufman did not make any payments within 90 days of receiving notice of the debt, nor at any time afterwards. The IRS was therefore entitled, after the expiration of those 90 days, to assess against Mr. Kaufman any late-payment penalties which had accrued in that period, and to continue assessing the accrued late-payment penalties against him until such time as he fully satisfies the liability.

---

[2] Although there are no definitive rulings on the issue, the Third Circuit has strongly suggested that an accountholder cannot sue to challenge an assessed FBAR penalty without first paying the full amount of the penalty. *Bedrosian v. United States*, 912 F.3d 144, 149 n.1 (3d Cir. 2018).

B.  *Mr. Kaufman's arguments are waived.*

In addition to being meritless for the reasons stated above, Mr. Kaufman has waived any arguments against the imposition of interest and late-payment penalties.  Mr. Kaufman argues in his objection that the United States' statement in its Statement of Material Facts in which it set forth the amount of the debt was "unsupported by the record citation," and that a single reference he made to the amount of the debt being wrong—in the introduction to the brief he filed that served as a combined opposition to the United States' motion for summary judgment and cross-motion for summary judgment—was sufficient to constitute an argument for purposes of waiver. (Doc. 80, p. 3-4).  Kaufman also argues that there cannot be waiver where the United States, not Mr. Kaufman, had the burden of proof on the issue of the penalties.  (Doc. 80, p. 5).

The fact that the United States has the burden of proof on the issue of the debt does not relieve Mr. Kaufman from the requirement of making a developed argument.  If he believed that he was not liable for late-payment penalties and interest if the court accepted his argument that the FBAR penalty amounts exceeded the amount allowed by statute, he was obligated to make that argument—particularly given that the United States explicitly requested that such amounts be part of its judgment.

Here, the United States submitted sufficient evidence to meet the requirements for Mr. Kaufman to be liable for late-payment penalties and interest:  Mr. Kaufman owes a debt to the United States, was given notice of such debt, and a portion of such debt (in this case, the entirety of the debt) has been delinquent for more than 90 days.  (Doc. 64-1, ¶ 7-8, and record citations therein).  As Mr. Kaufman points out, the burden then shifted to him to show a dispute of material fact.  (Doc. 80, p. 5).  He did not do so, and the Court found that notice was sent and

5

held that Mr. Kaufman was liable for FBAR penalties (albeit in the amount of $30,000).[3] (Doc. 78, p. 2, 21).  There is no support for the proposition that, having failed to make any sort of developed argument in opposition to a motion for summary judgment, a losing party can raise arguments for the first time in any subsequent proceeding, be it a motion for reconsideration, an appeal, or here.[4]  Mr. Kaufman's opportunity to challenge the United States' basis for asserting that he is liable for interest and late-payment penalties was at the summary judgment stage and, having declined to do so then, he cannot do so now.

Finally, Mr. Kaufman asserts that the Court's opinion implies that he cannot be held liable for late-payment penalties because the Court stated that "the civil penalties for which Kaufman may be liable is capped at $30,000" without specifying to which civil penalties it referred.  (Doc. 80, p. 5).  This is ludicrous.  The Court's opinion on Mr. Kaufman's motion for summary judgment does not mention the statutory late-payment provision, § 3717 at all, but instead is limited to interpreting 31 U.S.C. § 5321(a)(5)(B)(i).  The late-payment penalties are authorized by an entirely separate provision of the Bank Secrecy Act, and any argument that § 5321(a)(5)(B)(i)'s cap prevents the accrual and assessment of late-payment penalties is frivolous, particularly where imposition of late-payment penalties is statutorily mandated.  *See*

---

[3] The United States asserted that the full balance of the FBAR penalties was due as of December 6, 2019, as Mr. Kaufman has not made any payments towards his FBAR penalty liabilities. (Doc. 64-1, p. 8).  Mr. Kaufman has never provided any evidence to show that he has fully paid the liabilities, and more than 90 days has elapsed since the assessment.

[4] The statements on which Mr. Kaufman relies to say he did not waive arguments regarding the penalties are the broadest possible denials, neither of which explicitly references interest or late-payment penalties or cites any provision of § 3717, and should thus be disregarded.  *See Main St. Am. Assurance Co. v. Savalle*, No. 3:18-CV-02073(JCH), 2019 WL 5704403, *3 (D. Conn. Nov. 5, 2019)  ("It is not enough to merely mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).

*United States v. Toth*, No. 15-cv-13367-ADB, 2020 WL 5549111, at *8 n.8 (D. Mass. Sept. 16, 2020) (discussing mandatory nature of late-payment penalties).  *See also, e.g., Khan*, 2019 WL 8587295, at *12 (holding that the Government is entitled to late-payment penalties in a case where the FBAR penalty assessed was 50% of the balance in the account on the date of the violation, meeting the statutory cap for willful penalties under 31 U.S.C. § 5321(a)(5)(D)); *Garrity*, 2019 WL 1004584 at *9 (same).

## Conclusion

For the reasons set forth above, and the reasons set forth in the United States' initial motion, judgment should be entered in favor of the United States and against Zvi Kaufman, in the form set forth at (Doc. 79-2).

    Respectfully submitted,

    DAVID A. HUBBERT
    Acting Assistant Attorney General
    U.S. Department of Justice, Tax Division

    */s/ Bradley A. Sarnell*
    BRADLEY A. SARNELL
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C.  20044
    202-307-1038 (v)
    202-514-5238 (f)
    Bradley.A.Sarnell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF users. There are no parties which require conventional service.

>	*/s/ Bradley A. Sarnell*
>	BRADLEY A. SARNELL
>	Trial Attorney
>	United States Department of Justice, Tax Division