UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>ZVI KAUFMAN, )<br>*Defendant*. ) | 3:18-CV-00787 (KAD)<br><br><br><br><br><br>January 3, 2022 |

**MEMORANDUM OF DECISION**
**RE: PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT (ECF NO. 79)**

Kari A. Dooley, United States District Judge:

Plaintiff, the United States of America ("the Government"), brought this action to reduce to a judgment previously assessed penalties against Defendant Zvi Kaufman, resulting from Kaufman's failure to disclose the existence of various foreign bank accounts. By decision dated January 11, 2021, the Court granted summary judgment as to liability against Kaufman. Pending before the Court is the Government's Motion for Entry of Judgment against Kaufman, in the amount of $41,137, plus interest and other statutory penalties from and after January 11, 2021. Kaufman opposes the motion, objecting to any assessment of pre-judgment interest or late-payment penalties that exceed $30,000, the amount the Court determined was the maximum permitted under 31 U.S.C. § 5321(a)(5).

The parties' familiarity with the procedural and factual history of this case is presumed. The Court has considered the Government's Motion for Entry of Judgment (ECF No. 79), Kaufman's Opposition to the Motion for Entry of Judgment (ECF No. 80), and the Government's Reply in Support of its Motion for Entry of Judgment (ECF No. 81).

For the reasons set forth herein, the Government's motion is GRANTED.

**Discussion**

Previously, in deciding the Government's motion for summary judgment, the Court determined that Kaufman violated 31 U.S.C. § 5321(a) when he failed to file a "Report of Foreign Bank and Financial Accounts," a form commonly referred to as an FBAR, even though he had foreign bank accounts in Israel. The Court further determined that as a result, he was subject to civil penalties for the years 2008, 2009, and 2010.[1] However, in deciding Kaufman's motion for summary judgment, the Court agreed with Kaufman that the civil monetary penalties assessed under 31 U.S.C. § 5321(a)(5)(B)(i) must be assessed on a "per form" basis as opposed to a "per account" basis. Accordingly, Kaufman could only be assessed civil penalties of $10,000 for each of the three years he failed to file an FBAR. (*See* ECF No. 78.) The Government now seeks judgment in the amount of $41,137, comprised of $30,000 (the FBAR penalty) as well as interest and late-payment fees accrued between September 24, 2015 and January 11, 2021.[2] Specifically, the government seeks $1,591 in pre-judgment interest pursuant to 31 U.S.C. § 3717(a)(1) and $9,547 in late-payment penalties pursuant to U.S.C. § 3717(e) in addition to the FBAR penalties. Kaufman objects to the imposition of any interest or late payment fees. He argues that the Government did not assess interest or late payment fees in the first instance as required by statute, and that in any event, this Court's order capped the Government's recovery at $30,000. In response, the Government asserts that the assessment was made and that because Kaufman offered no objection to the addition of pre-judgment interest or late-payment penalties at the summary judgment phase of this litigation, he waived those arguments entirely.

---

[1] FBAR penalties is the commonly used term associated with penalties imposed when failing to report foreign financial accounts to the Government.
[2] As of April 6, 2021, the Government asserts that Kaufman has not made any payments towards his FBAR penalty liabilities. (*See* ECF No. 81.)

Preliminarily, the Court notes that the parties devoted much ink and effort to the question of whether Kaufman waived any objection to the imposition of interest and late payment penalties, by, it is alleged, foregoing any such argument at the summary judgment stage of the litigation. However, because the Court finds Kaufman's substantive arguments to be without merit, it need not take up the issue of whether his arguments were waived.

**The Court's Ruling**

The Court first dispatches Kaufman's claim that the Court's summary judgment ruling addressed, in any fashion, the issue now before the Court. The Court was asked to decide the extent to which penalties could be assessed under 31 U.S.C. § 5321(a), which it did. It is a Kafkaesque proposition to suggest that the Court's determination that "the civil penalties for which Kaufman may be liable is capped at $30,000.00" included the interest and penalties at issue here because the Court's holding was "without limitation as to the kind of civil penalties to which it referred." (ECF No. 80 at 5.) The Court decided only the penalties available to the government under § 5321(a). The Government's entitlement to statutory interest or late payment penalties pursuant to §3717(a) and (e) was neither discussed nor determined. To suggest otherwise, as Kaufman does, is absurd.

**Proper Notice and Assessment**

Kaufman also argues that he cannot owe pre-judgment interest and late-payment penalties because the Government never provided him with the "notice of any proper penalty assessment as Section 3717 requires." (ECF No. 80 at 2.) Under Section 3717(a), interest accrues "from the date …notice of the amount due is first mailed to the debtor." 31 U.S.C. § 3717(a). Kaufman acknowledges however that an FBAR penalty assesses "when a Penalty Assessment Certification (Form 13448) is signed by an authorized IRS employee" and the Bank Secrecy Act Examination office "sends the person assessed a Letter 3708 demanding payment." (ECF No. 79-1 at 2.) Once

3

the FBAR payment is more than 90 days past due, the Government can begin imposing late-payment penalties beginning 30 days after the date the Letter 3708 was mailed.[3] 31 U.S.C. § 3717(e). Kaufman asserts that he never received proper notice, and therefore neither interest nor late-payment penalties on his FBAR debt have begun to accrue. The Court disagrees.

As previously found by this Court, "[o]n September 24, 2015, the Internal Revenue Service ("IRS") assessed penalties against Kaufman for his non-willful failure to file timely FBARs— $42,249 for the 2008 FBAR, $42,287 for the 2009 FBAR, and $59,708 for the 2010 FBAR. (Plf.'s SMF at ¶ 7.) At or near the time the FBAR penalties were assessed, the IRS sent a letter to Kaufman demanding payment. (Plf.'s SMF at ¶ 7.) The Government maintains that, as of December 6, 2019, Kaufman owes a total of $144,244.00 on the principal for the outstanding FBAR penalties, $36,373.20 in late-payment penalties, and $6,062.20 in interest.[4] (Plf.'s SMF at ¶ 8.)." (ECF No. 78 at 2-3.)

The Court has already determined that the Government *did* provide Kaufman with a Letter 3708 demanding a $163,746.57 payment— which included pre-judgment interest and late-payment fees— mailed on September 24, 2015. It is immaterial that the amount of the FBAR penalty demanded in the September 24, 2015 letter exceeded the statutory cap that the Court ultimately determined to be applicable. The Court's reduction of the FBAR penalty amount does not absolve Kaufman of liabilities that clearly attached upon his receipt of the letter. Kaufman cites no authority for the proposition that the Court's ruling somehow requires the IRS to start anew the assessment and collection process. And such a result, in the Court's view, would promote

---

[3] By footnote, Kaufman opposes any late-payment penalty attributable to the sixty-day period between the date the IRS began to impose late-payment penalties and the date the IRS was entitled to begin to impose the penalties. As the Government points out, however, this argument is beside the point as Kaufman did not make any payment at all within 90 days of receiving the Letter 3708.
[4] Kaufman objected to this factual assertion on the grounds that it is unsupported by the record citation, but this factual assertion is supported by the declaration of debt filed by the Government. (ECF No. 64-9 at ¶ 4.)

inefficiency, incentivize litigation and create unnecessary delays in the collection of lawful debts to the IRS.

And in at least one case cited by the Government, *United States v. Bussell*, a court ordered, even though it lowered the amount of the FBAR penalty, statutory interest and failure-to-pay penalties to accrue as of the date of the initial FBAR penalty assessment. *See United States v. Bussell*, Case No. 2:15-cv-2034-SJO-CBK, (Doc. 45) 2015 WL 9957826 (C.D. Cal. Dec. 8, 2015).[5] In short, the Court agrees with the Government that the Court's reduction of the FBAR penalty did not invalidate the FBAR assessment itself. As the fact that Kaufman owed a debt to the United States did not change, merely the amount of the debt did, the September 24, 2015 Letter 3708 suffices as proper notice under Section 3717(a) and interest and late-payment fees have accrued since that date. Here, the Government properly calculated the amount due in interest and fees based on the $30,000 FBAR penalty cap imposed by this Court.[6]

**Conclusion**

For the foregoing reasons, the Government's Motion for Entry of Judgment is GRANTED. The Clerk of Court is ordered to enter judgment in favor of Plaintiff in a form consistent with the form provided by the Government and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of January 2022.

---

[5] The *Bussell* court's decision granting in part the Government's motion for summary judgment included that interest would be payable on the reduced amount but did not make specific reference to late payment charges. That court's judgment however provided for interest from the date of the assessment and for late payment fees pursuant to §3717(e)(2).

[6] Kaufman equates a finding that late-payment penalties and interest have begun to accrue with a punishment for "failing to satisfy an unlawful demand for an amount that the Court has determined he did not owe." (ECF No. 80 at 3.) This is simply not true— the Government's Motion for Entry of Judgment seeks interest and fees calculated from precisely the amount the Court *did* determine he owed in FBAR penalties.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE